Roland B. BROPHY, Plaintiff,

v.

McLEAN TRUCKING COMPANY and Freight Drivers and Helpers Local Union No. 557, Defendants.

Civ. A. No. M-81-2197.

United States District Court,
D. Maryland.

Dec. 2, 1982.

Robert Allen Sapero and Sapero & Sapero, Baltimore, Md., for plaintiff.

Thomas K. Wotring and Morgan, Lewis & Bockius, Washington, D.C., James M. Smith, Frank W. Stegman and Gebhardt & Smith, Baltimore, Md., for defendant McLean Trucking Co.

Bernard W. Rubenstein, Patty L. Parsons and Edelman & Rubenstein, Baltimore, Md., for defendant Freight Drivers and Helpers Local Union No. 557.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

This case arises under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1980). Plaintiff, Roland Brophy, filed a complaint in this court on August 31, 1981. He alleged that the defendant, McLean Trucking Company (McLean), breached the provisions of the applicable collective bargaining agreement by "terminating the plaintiff's seniority as of November 7, 1978," and that the defendant Freight Drivers & Helpers, Local No. 557 (Union) breached its duty of fair representation of the plaintiff. (Complaint at ¶¶ 9, 13). The Union allegedly breached its duty of fair representation to the plaintiff through improper prosecution of the plaintiff's grievance. Specifically, the complaint charges that the Union failed to protect adequately the plaintiff's interests before, during and after the arbitration hearing. (Complaint at ¶ 12).

Prior to the plaintiff's initiation of this lawsuit, the Union, on behalf of the plaintiff, filed a grievance contesting the action taken by McLean. The plaintiff's grievance was brought before the Joint Maryland—District of Columbia Area Committee. On December 19, 1978, the Joint Committee denied the grievance. (Complaint at ¶ 11).

Both defendants have moved to dismiss. (Papers No. 4 and 6). Among other grounds for dismissal, the defendants assert that the Complaint was not filed within the limitation period prescribed by Maryland law. See Md.Cts. & Jud.Proc.Code Ann. § 3–224 (1980 Repl.Vol.). Section 3–224 provides in pertinent part:

"(a) *Petition*—(1) Except as provided in paragraph (2), a petition to vacate the award shall be filed within 30 days after

delivery of a copy of the award to the petitioner.

(2) If a petition alleges corruption, fraud, or other undue means it shall be filed within 30 days after the grounds have become known or should have become known to petitioner."

The defendants contend that the 30-day limitation period set out in § 3–224 is the applicable period. They rely on *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and *Sine v. Local 992 International Brotherhood of Teamsters,* 644 F.2d 997 (4th Cir.), *cert. denied,* 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981).

The plaintiff has responded to the Union's motion to dismiss, contending that the Supreme Court's decision in *United Parcel, supra,* does not apply to § 301 suits against the Union where the Union allegedly breached its duty of fair representation. Plaintiff contends that the applicable statute of limitations is the general three-year limitation for the bringing of a civil action at law contained in § 5–101 of the *Md.Cts. & Jud.Proc.Code Ann.* (1980 Repl.Vol.).

If Section 3–224 is applicable, the decision of the Supreme Court in *United Parcel, supra,* dictates that this action, filed approximately 34 months after the arbitration decision, must be dismissed against the employer, McLean. The plaintiff in *United Parcel* filed suit against both his former employer and his Union under § 301 alleging that his discharge by the employer was in violation of the collective bargaining agreement and that the Union had violated its duty of fair representation. The arbitration panel upheld the discharge and, pursuant to the collective bargaining agreement, the decision was "binding on all parties." Seventeen months later the employee filed his complaint against the Union and his former employer, the United Parcel Service. The employer and the Union moved for summary judgment alleging that the action was time-barred by reason of New York's ninety-day statute of limitations to vacate arbitration awards which provides that "an application to vacate or modify an award may be made by a party within ninety (90) days after its delivery to him."

The district court in *United Parcel* granted summary judgment in favor of the defendants, but the Second Circuit held that the district court should have applied New York's six-year limitations period for breach of contract and further held that the six-year period provided "for relatively rapid disposition of labor disputes without undermining an employee's ability to vindicate his rights through § 301 actions."

The Supreme Court reversed as to the employer, the only petitioner, holding (1) that the § 301 action was the full equivalent of an action to vacate the award of the arbitration panel, (2) that borrowing the state limitations period for actions to vacate arbitration awards was proper, and (3) that the indispensable predicate for a § 301 action is not a showing under traditional contract law that the discharge was a breach of the collective bargaining agreement, but instead a demonstration that the Union breached its duty of fair representation.

Although the Court in *United Parcel* did not expressly decide whether the arbitration award limitations period was applicable to an action brought against the Union under § 301, that issue was resolved by Judge Jones of this Court and her holding was affirmed by the Fourth Circuit in *Delcostello v. International Brotherhood of Teamsters,* 524 F.Supp. 721 (D.Md.1981), *aff'd* 679 F.2d 879 (4th Cir.1982) (unpublished). In that case Judge Jones held impliedly that the *United Parcel* rule was applicable to § 301 claims of unfair representation against the union representing an employee in arbitration proceedings.

The instant action, having been filed almost thirty-four months after the final decision of the arbitration panel, would be foreclosed under the decisions in *United Parcel* and *Delcostello* absent other statutory law. This court, however, by letter dated May 5, 1982 indicated a concern that § 3–206(b) of *Md.Cts. & Jud.Proc.Code Ann.* (1980 Repl.Vol.) rendered the 30-day limitation period of § 3–224 inapplicable to this case.

The defendants have briefed the issue raised by the court, but the plaintiff, although given more than adequate time to do so, has chosen not to do so. Section 3–206(b) provides as follows:

"*Agreement between employers and employees*—This subtitle does not apply to an arbitration agreement between employers and employees or between their respective representatives unless it is expressly provided in the agreement that this subtitle shall apply."

An evaluation of the collective bargaining agreement (*See* Paper No. 21) in the instant case reveals no express provision referring to the Maryland Uniform Arbitration Act. Thus, it would appear that § 3–224 has no applicability to the collective bargaining agreement underlying the dispute in this case.

The Fifth, Sixth and Ninth Circuit Courts of Appeal have reached the same conclusion. In *Edwards v. Sea-Land Service, Inc.*, 678 F.2d 1276, 1287 (5th Cir.1982), the Fifth Circuit determined that the Texas legislature expressly excluded from the Texas General Arbitration Act actions brought pursuant to a collective bargaining agreement. The Texas General Arbitration Act provided that none of the provisions of the Act should apply to:

"(a) Any collective bargaining agreement between an employer and a labor union . . . ." Tex.Rev.Civ.Stat.Ann. Art. § 224, 224(a) (Vernon 1979).

The Fifth Circuit rejected the contention of the employer and union in *Edwards* that the 90-day arbitration period set forth in a Texas General Arbitration Act should apply to that action despite the exclusionary language:

"Defendants argue that the Texas exclusion simply keeps the Texas General Arbitration Act from fitting 'hand in glove' with the action brought by plaintiffs. They argue that, because the [*United Parcel Service, Inc. v.*] *Mitchell* [451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)] Court recognized that state statutes of limitation would not fit 'hand in glove,' but was nevertheless willing to apply such statutes, . . . we should adopt the Texas ninety-day limitation here. *We agree that the Texas General Arbitration Act does not, in this case, fit 'hand in glove.' We further find that this ill-fitting statute may not serve as an appropriate statute of limitations.*"

678 F.2d at 1287 (emphasis supplied) (citation omitted).

Similarly, in *Badon v. General Motors Corp.*, 679 F.2d 93, 98 (6th Cir.1982), the Sixth Circuit decided that *United Parcel* dictated application of the most analogous Michigan statute of limitations regulating the vacation of arbitration awards. In that case, the relevant limitations period was found, not in a statute, but in a court rule. The rule, however, controlled only "statutory arbitration under RJA Chapter 50" and Chapter 50 expressly provided:

"The provisions of this chapter *shall not* apply to collective contracts between employers and employees or associations of employees in respect to terms or conditions of employment."

M.C.L.A. § 600.5001(3), M.S.A. § 27A.5001 (3) (emphasis supplied). The Sixth Circuit held that *United Parcel* expressly precluded application of the 20-day limitation period as a result of the quoted exclusionary language.

Finally, the Ninth Circuit in *Local 1020, United Brotherhood of Carpenters v. FMC Corp.*, 658 F.2d 1285, 1289 (9th Cir.1981), concluded that an Oregon general commercial arbitration statute, ORS 33.2110, was inapplicable to an action brought pursuant to § 301 for the reason that it expressly excluded "conditions of employment under collective bargaining contracts."

█ As stated by the Fifth, Sixth and Ninth Circuits, *United Parcel* requires us to honor the state legislature's decision to exclude labor arbitration from the otherwise relevant statutory period of limitations. If Sections 3–224 and 3–206(b) were the only state law on the subject, the defendants' motions would not be meritorious.

The Maryland Court of Appeals, however, has modified the effect of § 3–206(b). The

Maryland Rules of Procedure mandate that the provisions of the Maryland Uniform Arbitration Act, specifically § 3–224, shall determine the timeliness of a cause of action brought where a final, written arbitration award has been issued notwithstanding the provisions of § 3–206(b). *Board of Education of Charles County v. Education Association of Charles County,* 286 Md. 358, 408 A.2d 89 (1979). Rule E2 is expressly applicable to such a case. It provides:

"After a final award has been made in writing in an arbitration to which the Maryland Uniform Arbitration Act is inapplicable, court proceedings may be had to confirm, *vacate,* modify, correct, or enter judgment on the award. *In any such case, the provisions of the Maryland Uniform Arbitration Act concerning such proceedings shall be applicable.*"

Md.Rule of Proc., Rule E2 (emphasis supplied). Thus, assuming a final, written arbitration award was issued in this case, a fact not alleged by the plaintiff, the Maryland Uniform Arbitration Act, including the limitation period of § 3–224, governs the instant proceeding.

In the absence of a final, written arbitration award, Rule E4, Maryland Rules of Procedure, governs. Rule E4 states as follows:

"The procedure for application to a court otherwise than as provided in Rule E2 of this subtitle for any relief in connection with an arbitration to which the Maryland Uniform Arbitration Act is inapplicable, shall be as nearly as practicable the same as that provided for such an application in arbitration to which said act applies. This rule affects only the procedure in such proceedings and does not establish a right to have any question determined by court."

Md.Rules of Proc., Rule E4. Any doubt that the applicability of these rules to cases such as the present one involving arbitrations pursuant to a collective bargaining agreement is alleviated by the note of the Court of Appeals Standing Committee on Rules of Practice and Procedure. The Committee note provides:

"The principal class of arbitrations which may come within Rule E4 are labor arbitrations in cases arbitrable by reason of the federal labor laws. The Maryland's Uniform Arbitration Act provides the Act does not apply 'to a arbitration agreement between employers and employees or between their respective representatives unless it is expressly provided in such agreement that this article shall apply' (Md.Code, Courts Art., § 3–206). However, § 301 of the Labor-Management Relations Act of 1947 (Taft Hartley, as amended) makes executory agreements to arbitrate specifically enforceable as a matter of federal substantive law but does not deprive state courts of jurisdiction to enforce arbitration agreements which are subject to the federal act. *See Charles Dowd Box Co. v. Courtney,* 368 U.S. 502 [82 S.Ct. 519, 7 L.Ed.2d 483] (1962). Thus, *Maryland courts may be called upon to pass orders* (such as an order compelling arbitration) *in connection with an arbitration which is not subject to the Maryland Uniform Arbitration Act. This would only occur if a collective bargaining agreement subject to the Federal Act did not specify that the Maryland Act applies.* The purpose of Rule E4 is to specify the procedure to be followed if such a case should arise. Rule E2 would not cover all matters which arise in such situations, since it is limited to cases where an award has already been rendered."

Committee Note, Rule E4 (emphasis supplied).

█ In conclusion, since the instant proceeding to vacate an arbitration award is one to which the most analogous state statutory period of limitations is inapplicable, the court must look to the otherwise most applicable state law. This court is not restricted to state statutory law but must apply state law whether "declared by its Legislature in a statute or by its highest court," *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). *See also Badon v. General Motors Corp., supra* at 98; 1A *Moore's Federal Practice*

§ 0.307[1] at 3077 (2nd ed. 1982). In the instant action, whether or not a final written arbitration award has been issued, the applicable statute of limitations is provided by the Maryland Court of Appeals by virtue of Rule E2 or E4, Maryland Rules of Procedure. Pursuant to these rules, § 3–224, mandating a 30-day limitation period, is applicable. The plaintiff having failed to file within the 30-day period, this case will be dismissed as to both defendants.

Accordingly, it is this 2nd day of December, 1982, by the United States District Court for the District of Maryland, ORDERED:

1. The defendants' motions to dismiss (Paper Nos. 4 and 6) are GRANTED.

2. The Clerk shall mail a copy of this Memorandum and Order to counsel for the parties.