# NICK-GEORGE LIMITED PARTNERSHIP *v.* AMES-ENNIS, INC.

[No. 122, September Term, 1976.]

*Decided February 8, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ., and ROBERT F. SWEENEY, Chief Judge of the District Court of Maryland, specially assigned.

*Arthur R. Hessel,* with whom were *Judith A. Armold* and *J. Wilmer Cronin* on the brief, for appellant.

*David A. Carney* and *Richard D. Neidig*, with whom were *Reese, Kane & Carney* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This case raises the question of the limitations imposed upon judicial review of an arbitrator's award under the Maryland Uniform Arbitration Act (the Act), now Maryland Code (1974), Courts and Judicial Proceedings Article § 3-223 and § 3-224. The sections respectively set out conditions upon which an arbitrator's award may be corrected or modified and the grounds upon which it may be vacated. Because the issues are primarily procedural, we need summarize only the relevant facts.

On 17 May 1971, Nick-George Limited Partnership (Nick-George) entered into a contract with Ames-Ennis, Inc. (Ames-Ennis) under the terms of which Ames-Ennis agreed to construct a 184-unit apartment project in Perryman, Maryland for Nick-George. The contract provided that work was to commence within 30 days and that the project was to be completed by 17 May 1972.

Ames-Ennis did not commence work on 16 June 1971, and the work had not been completed by December, 1972, when Nick-George apparently defaulted in payments on the mortgage on the project, allegedly because of the delayed completion.

On 26 December 1972, Nick-George terminated its contract with Ames-Ennis, and in April, 1973, filed with American Arbitration Association, in accordance with the terms of its contract with Ames-Ennis, a demand for arbitration, and asserted a claim of $300,000.00. No answer was filed by Ames-Ennis. Hearings were held before an arbitrator for six days during June and July, 1973. While the hearings were in progress, Nick-George increased its claim to $615,286.00. At the conclusion of the hearings, Ames-Ennis filed its counterclaim for $197,324.26. On 18 September 1973, the arbitrator submitted his award to the parties and to American Arbitration Association. The award directed that Nick-George pay $60,855.00 to Ames-Ennis.

On 4 December 1973, Nick-George sought the aid of the Circuit Court for Harford County, where it filed a bill of complaint for equitable relief containing two "counts." [1] Relief was sought in two forms: under the Uniform Declaratory Judgments Act, Code (1957) Art. 31A, now Code (1974), Courts and Judicial Proceedings Article §§ 3-401 through 3-415, a declaration that the award of the arbitrator be declared null and void and of no effect, largely bottomed on the contention that the award failed to resolve the controversies between the parties, and contained no explanation of the manner in which the result was arrived at.

The second claim for relief was based on the Act, Code (1957) Art. 7, § 13, now Code (1974), Courts and Judicial Proceedings Article § 3-223, and sought a decree modifying the arbitrator's award.

Ames-Ennis filed a motion ne recipiatur to that part of the bill of complaint which sought declaratory relief, and an answer to that part of the bill which sought a modification of the award. Bifurcated hearings were held, in which orders were entered granting the motion ne recipiatur and dismissing the portion of the bill which sought a modification of the award under § 3-223 of the Act. An appeal was taken to the Court of Special Appeals. We granted certiorari before the case came on for hearing in that court.

We regard the result reached below as eminently correct. The declaratory action sought to have the award vacated, an action which could have been maintained under the Act, had suit been instituted within 30 days of the delivery of the award. Section 3-224 provides:

"§ 3-224. Vacating award.

"(a) *Petition.* — (1) Except as provided in paragraph (2), a petition to vacate the award shall

---

1. We note that there is no warrant for the use of counts in bills in equity. See Maryland Rule 370 a 1.

be filed within 30 days after delivery of a copy of the award to the petitioner.

"(2) If a petition alleges corruption, fraud, or other undue means it shall be filed within 30 days after the grounds become known or should have been known to the petitioner.

"(b) *Grounds.* — The court shall vacate an award if:

"(1) An award was procured by corruption, fraud, or other undue means;

"(2) There was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party;

"(3) The arbitrators exceeded their powers;

"(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing, contrary to the provisions of § 3-213, as to prejudice substantially the rights of a party; or

"(5) There was no arbitration agreement as described in § 3-206, the issue was not adversely determined in proceedings under § 3-208, and the party did not participate in the arbitration hearing without raising the objection.

"(c) *When award not to be vacated.* — The court shall not vacate the award or refuse to confirm the award on the ground that a court of law or equity could not or would not grant the same relief."

We recall the purple passage which appeared in the opinion written for the Court of Special Appeals by Judge (now Chief Judge) Gilbert in *Security Construction Co. v. Maietta,* 25 Md. App. 303, 308, 334 A. 2d 133, 136 (1975):

"Security's filing of the suit for recission in the U. S. District Court and its aborted effort to secure injunctive relief in the Circuit Court for

Washington County appear to us to be a flagrant attempt to run a 'Green Bay Sweep' around the 'Maryland Uniform Arbitration Act.'"[2]

Section 3-224 of the Act permits the filing of a petition to vacate an award within 30 days after the delivery of the award or within 30 days after corruption, fraud or other undue means is known or should have become known to the petitioner. Relief under this section is limited to instances where the award was procured by corruption, fraud or undue means; where there was evident partiality, corruption or misconduct by the arbitrator; where the arbitrator exceeded his powers, where there was a refusal to grant a postponement when sufficient cause was shown, a refusal to hear material evidence, or where the hearing was conducted in a manner which substantially prejudiced the rights of a party.

The bill of complaint filed by Nick-George was not timely filed under § 3-224. The General Assembly has restrictively defined the grounds upon which and the condition under which a court may vacate an award and has expressly proscribed any possibility of substitution of a reviewing court's judgment for that of the arbitrator, *O-S Corp. v. Samuel A. Kroll, Inc.*, 29 Md. App. 406, 407-08, 348 A. 2d 870, 871-72 (1975), *cert. denied* 13 April 1976; *Security Construction Co. v. Maietta, supra,* 25 Md. App. at 308, 334 A. 2d at 136. There is simply no way that the time limit imposed by the Act can be circumvented by the filing of an action for declaratory relief.

We turn now to the relief sought under § 3-223 of the Act. The Court of Special Appeals, in a scholarly opinion in *Bel Pre Medical Center v. Frederick Contractors*, 21 Md. App. 307, 320 A. 2d 558 (1974), *rev'd on other grounds*, 274 Md. 307, 334 A. 2d 526 (1975), traced the history of arbitration in this country which culminated in this state with the enactment of the Act, Chapter 231 of the Laws of 1965. Section 3-223 provides:

---

2. For those unfamiliar with the vocabulary of professional football fans, an expanded provenance may be found in the opinion.

"§ 3-223. Correction or modification of award by court.

"(a) *Petition.* — A petition to modify or correct the award shall be filed within 90 days after delivery of a copy of the award to the applicant.

"(b) *Conditions for modification or correction of award.* — The court shall modify or correct the award if:

"(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

"(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

"(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

"(c) *Confirmation of award.* — If the petition is granted, the court shall modify or correct the award to effect its intent and confirm the award as modified or corrected. Otherwise, the court shall confirm the award as made.

"(d) *Joinder of application.* — An application to modify or correct an award may be joined, in the alternative, with an application to vacate the award."

Thus, the limits of judicial review are narrow. Here the award was delivered on 18 September 1973. Nick-George could have filed a petition with the arbitrator for correction or modification within 20 days under § 3-222 (a), but did not.

The lower court correctly found that modification of an award under § 3-223 was permissible under three conditions:

"(1) an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

"(2) an award upon a matter not submitted to the arbitrator, if the award may be corrected without affecting the merits of the decision upon the issues submitted; or

"(3) the award is imperfect in a matter of form, not affecting the merits of the controversy."

The court concluded that the lump sum award of $60,855.00 was described by the arbitrator as being in full settlement of all claims submitted. It is obvious that neither condition (1) nor condition (3) is applicable to the award. The court further found that no evidence had been offered to support the contention that the award dealt with the Ames-Ennis counterclaim, a matter not submitted to the arbitrator, since it was apparent from the commencement of the hearings before the arbitrator that Ames-Ennis intended to submit a counterclaim.

There being no proof sufficient to meet the conditions of § 3-223, Nick-George's petition to modify or correct the award was denied, and the award was confirmed. We do not regard the facts as found by the chancellor in support of this result as clearly erroneous, Maryland Rule 886, and shall affirm his order.

*Orders affirmed, costs to be paid
by appellant.*