BAY STATE YORK CO., INC. *vs.* CANTER CONSTRUCTION CO.

Suffolk.    February 22, 1977. — March 11, 1977.

Present: KEVILLE, GRANT, & BROWN, JJ.

*Arbitration,* Continuance.

A panel of arbitrators did not abuse its discretion in refusing to grant a continuance to the defendant following discharge of its counsel to afford it an opportunity to engage new counsel where the proceedings had already been delayed on numerous occasions at the defendant's request. [194-195]

There was nothing in the record of an arbitration proceeding to support the defendant's claim that the arbitrators violated G. L. c. 251, § 12(*a*) (4), by refusing to hear material evidence. [195]

CIVIL ACTION commenced in the Superior Court on March 5, 1976.

The case was heard by *McNaught, J.*

The case was submitted on briefs.

*Lawrence P. Cohen* for the defendant.

*Thomas R. Murtagh & Michael Gardener* for the plaintiff.

BROWN, J.    This action was brought to confirm an arbitration award to the plaintiff in a contract dispute. The defendant by way of counterclaim sought vacation of the award on the grounds (a) that it was denied the right to be represented by counsel (G. L. c. 251, § 6) by the arbitrators' refusal to grant a continuance following discharge of its counsel and (b) that the arbitrators' refusal to grant a continuance resulted in the defendant's being unable to present material evidence in this case in violation of G. L. c. 251, § 12(*a*) (4). The Superior Court judge confirmed the award, and the defendant brings this appeal.

We summarize the relevant proceedings as they appear

Bay State York Co., Inc. *v.* Canter Construction Co.

in the affidavit of Paul Hartnett, tribunal administrator in Boston for the American Arbitration Association.[1] The plaintiff filed a demand for arbitration on March 14, 1975, and the defendant filed an answer and counterclaim on April 3, 1975. Following the selection of a panel of arbitrators, the defendant requested that the matter be held in abeyance pending the resolution of a related controversy between the defendant and other parties. The arbitrators declined the request, and the first hearing was held on July 10, 1975.

After the hearing of July 10 was held, subsequent hearings were scheduled for August 13 and 14, 1975. The August 13 hearing was held, but the August 14 hearing was postponed at the request of the defendant's attorney. The hearing was rescheduled for August 21, 1975, but was again cancelled at the request of the defendant. The hearing was rescheduled for September 10, 1975, and it was again cancelled at the request of the defendant's attorney. October 2, 1975, was the date selected for the next hearing. The hearing for this date was also cancelled at the request of the defendant's attorney. Hartnett tried to arrange a hearing for October 17, 1975, but this date was not acceptable to the defendant's attorney.

On October 27, 1975, the defendant renewed its request to have the matter held in abeyance pending the outcome of the controversy claimed by it to be related; the request was again denied.

Hartnett spoke with the defendant's attorney on November 3, 1975, and the attorney indicated that November 21, 1975, would be an acceptable hearing date. On November 19, 1975, the president of the defendant company informed Hartnett that he had discharged its attorney and requested a postponement of the hearings until it could engage new counsel. Hartnett referred the request to the arbitrators, who denied it, and the hearing went forward

---

[1] There was no challenge to the accuracy of any of the facts asserted in the affidavit.

as scheduled. The arbitrators did, however, offer, and the defendant's president accepted, the opportunity to participate in the proceedings and present argument.

1. The defendant's principal argument rests on its assertion that the arbitrators' refusal to grant a continuance following the discharge of its attorney deprived it of its right to counsel under G. L. c. 251, § 6. The granting of a continuance is a matter of discretion, and refusal to grant it will be held to be error only if there was an abuse of discretion. *Elbar Realty, Inc.* v. *Shapiro,* 342 Mass. 276, 278, appeal dismissed, 368 U. S. 802 (1961).

The defendant had delayed the proceedings in this case on numerous occasions, as outlined above.[2] Based on this record, the arbitrators might very well have believed that the defendant's discharge of its counsel shortly before the date set for hearing constituted still another attempt to delay the proceedings. In any event, we cannot say that the arbitrators' refusal to grant another postponement was an abuse of discretion. See *Arvedson* v. *Luby,* 498 S.W. 2d 253, 256-257 (Tex. Civ. App. 1973). See generally, Annot., 48 A.L.R. 2d 1155, 1159-1166 (1956). As the California Court of Appeals stated in *Flynn* v. *Fink,* 60 Cal. App. 670 (1923): "Parties litigant have no absolute right to insist upon a change of counsel at the last moment before the time set for the commencement of the trial, where such change of counsel requires a continuance in order that the case may be properly prepared for trial. Such a course, if permitted and if persisted in, might and probably would in many cases work the destruction of private rights of the opposing litigant and would be subversive of the 'prompt administration and execution of the laws — upon which depends largely their effectiveness.'" *Id.* at 673. See *Berger* v. *Mantle,* 18 Cal. App. 2d 245, 248-249 (1936). Cf. *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 517-518 (1972); *Commonwealth* v. *Scott,* 360 Mass. 695, 699-701 (1971);

---

[2] There is nothing to suggest that the defendant was unaware of the numerous continuances.

*United States* v. *Rosenthal,* 470 F. 2d 837, 844 (2d Cir. 1972), cert. den. 412 U. S. 909 (1973).

2. Our examination of the portions of the transcript reproduced for us indicates that the defendant was in no way prevented from presenting evidence material to this controversy. In fact, it was encouraged to present anything that it might think useful to its cause. The defendant's claim that the arbitrators violated G. L. c. 251, § 12(*a*) (4), by refusing to hear material evidence which it wished to present is completely without any factual foundation in the record.

The Superior Court order confirming the arbitration award is affirmed, with interest at twelve percent from the date of the appeal and double costs of the appeal.

*So ordered.*