# BOARD OF EDUCATION OF CHARLES COUNTY
## *v.* EDUCATION ASSOCIATION OF
## CHARLES COUNTY ET AL.

[No. 35, September Term, 1979.]

*Decided November 20, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Edward S. Digges, Jr.,* with whom were *Susan Gillette* and *Piper & Marbury* on the brief, and *Christopher C. Henderson,* with whom was *Edward S. Digges, Sr.,* on the brief, for appellant.

*Susan W. Russell,* with whom were *Walter S. Levin* and *Sauerwein, Boyd, Decker & Levin* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

This case involves a question of the limitations Maryland Rule E 2 imposes upon judicial review of an award made in an arbitration to which the Maryland Uniform Arbitration Act, Md. Code (1974), §§ 3-201 — 3-234 of the Courts and Judicial Proceedings Article, is inapplicable. More particularly, the issue here is whether § 3-227 requires a trial court to confirm such an award if the claim that the arbitrator has exceeded his authority by enforcing an illegal contract is not asserted within the time constraints specified in § 3-224.

Maryland Rule E 2 provides:

> "After a final award has been made in writing in an arbitration to which the Maryland Uniform Arbitration Act is inapplicable, court proceedings may be had to confirm, vacate, modify, correct, or enter judgment on the award. In any such case, the provisions of the Maryland Uniform Arbitration Act concerning such proceedings shall be applicable." [1]

---

1. Rules of the Court of Appeals have the force and effect of law. Md. Const., Art. IV, § 18(a).

The Maryland Uniform Arbitration Act, § 3-227 of the Courts and Judicial Proceedings Article provides:

"Confirmation of award by court.

"(a) Petition. — A party may petition the court to confirm the award.

"(b) Action by court. — The court *shall* confirm the award, unless the other party has filed an application to *vacate,* modify, or correct the award within the time provided in §§ 3-222 and 3-223 [and 3-224].

"(c) Proceedings when award not confirmed. — If an application to *vacate,* modify, or correct the award has been filed, the court shall proceed as provided in §§ 3-223 and *3-224."* (Emphasis added.) [2]

Section 3-224 provides in pertinent part:

"Vacating award.

"(a) Petition. — (1) Except as provided in paragraph (2), a petition to vacate the award shall be filed within *30 days* after delivery of a copy of the award to the petitioner.

"(2) If a petition alleges corruption, fraud, or other undue means it shall be filed within 30 days after the grounds become known or should have been known to the petitioner.

"(b) Grounds. — The court *shall* vacate an award if:

"(1) An award was procured by corruption, fraud, or other undue means;

. . .

"(3) *The arbitrators exceeded their powers . . . .*" (Emphasis added.)

---

2. § 3-227(b) does not refer to the time constraints contained in § 3-224. We agree with the parties that the context of subsections (a), (b) and (c) of § 3-227, when read together, establishes that the time constraints contained in § 3-224, as well as those contained in §§ 3-222 and 3-223, are applicable.

The record here shows that on 21 April 1976, the appellant, the Board of Education of Charles County (Board), and the appellees, the Education Association of Charles County (Association) and Darlene Sale, one of its members, entered into a collective bargaining agreement (agreement). Article II of that agreement established a grievance procedure through which an employee could process a claim that the agreement had been violated, misinterpreted or misapplied. That procedure terminated in final and binding arbitration.[3] The Uniform Arbitration Act was inapplicable to this agreement because it did not, as required by § 3-206(b), expressly provide that that Act should apply.[4]

In 1973, Darlene Sale was a licensed, certified and tenured teacher in the Charles County school system. She was then employed as a middle school librarian. In 1976, the Charles County Superintendent of Schools denied her request for reassignment to a position as an elementary school teacher. She filed a grievance which was processed to arbitration.

Before the arbitrator, the Association contended that the

---

3. Art. II provides in pertinent part:

"Section 1. Definitions

"A 'grievant' shall mean an employee or the Association filing a grievance. A 'grievance' is a claim in writing that there has been a violation, misinterpretation, or misapplication of the terms of this agreement.

. . .

"Step 4. If the grievance is not settled at Step 3, the grievant . . . may, within ten (10) days, move the matter to arbitration. . . . *The parties further agree to accept the arbitrator's award as final and binding upon them.*

. . .

"The arbitrator shall have no authority to add to, alter, amend, or modify any provision of this agreement or to make any award which will in any way deprive the Board of any of the powers delegated to it by law and not encompassed in this agreement." (Emphasis added.)

4. § 3-206(b) provides:

"Agreement between employers and employees. — This subtitle does not apply to an arbitration agreement between employers and employees or between their respective representatives *unless it is expressly provided in the agreement that this subtitle shall apply.*" (Emphasis added.)

Superintendent had violated Articles VI(B)[5] and VII(A)[6] of the agreement. The Board asserted that under Md. Code (1957, 1975 Repl. Vol.), Art. 77, § 62 [7] the Superintendent had sole power to transfer teachers and other certified personnel. It maintained that if the agreement were construed to allow the arbitrator to encroach upon the Superintendent's power, the agreement would violate Art. 77, § 62. Consequently, the Board concluded that if the arbitrator, in enforcing Articles VI(B) and VII(A) of the agreement, could order the assignment of a teacher, his award would also violate Art. 77, § 62.

The arbitrator found that the contract was legal because there was no conflict between Articles VI(B) and VII(A) of the agreement and Art. 77, § 62. In this respect he said:

"[Article 77, Section 62] ... is a statutory grant of authority to the Superintendent of Schools to transfer teachers in accordance with the needs of the School system. The Superintendent, in the exercise of his statutory authority, through the School Board and through free, voluntary and lawful collective bargaining, has agreed in Article VII that an

---

5. Art. VI(B) provides:

"Whenever possible, employees will be assigned to positions within the scope of their professional certificates and/or their major or minor fields of study. Currently employed professional personnel not assigned within their area of certification will be given priority consideration in filling vacant positions within their area of certification."

6. Art. VII(A) provides:

"In considering an employee's request for reassignment, the wishes of the employee will be honored to the extent that a vacancy for which he is qualified exists and there is no conflict with the best interests of the school system."

7. Acts of 1978, ch. 22, § 1, effective 1 July 1978, repealed Art. 77, § 62 and reenacted it without substantial change as Md. Code (1978), § 6-201(b) of the Education Article.

Art. 77, § 62 provided:

"The county superintendent of schools shall nominate, for appointment by the county board of education, all principals, all teachers, and all other certificated personnel. He shall assign them to their positions in the schools, transfer them as the needs of the schools require, recommend them for promotion, suspend them for cause, and recommend them for dismissal in accordance with the provisions in § 114 of this article."

employee's wish for reassignment will be honored as long as the employee is qualified for the vacancy and a vacancy exists. The requisite Contract language dilates upon, rather than conflicts with, the Superintendent's authority."

He further found that the Superintendent had violated the agreement and in an "Award and Decision," dated 1 April 1977, ordered Darlene Sale to be transferred to an available elementary school teaching position for the 1977-78 school year.

The Board did not file a petition to vacate the arbitrator's award. Moreover, it did not comply with the award by reassigning Darlene Sale.

On 7 October 1977, in the Circuit Court for Charles County, the Association, pursuant to § 3-227(a), filed a petition to confirm the arbitration award. On 22 November 1977, the Board filed an answer stating that "[t]he particular arbitration award was in direct confrontation with existing statutory law and constituted an aberration that is unenforceable." Thus the Board asserted, in essence, that the contract, as construed by the arbitrator, was illegal, and that by enforcing such a contract, the arbitrator had exceeded his authority.

The trial court granted the Association's motion for summary judgment, denied the Board's motion for summary judgment, and confirmed the award on the ground that the Board had not petitioned to vacate the award within the time required by the statute. The Court of Special Appeals held that the language of § 3-227(b) was mandatory and affirmed. We granted a writ of certiorari and shall affirm.

The Board here contends that a court has "inherent" authority to determine the legality of any contract which it is asked to enforce. It maintains that when a court is asked to enforce an award resulting from an arbitration in which the legality of a contract was at issue, the court cannot be bound by the arbitrator's determination of that issue, but must itself determine the contract's legality. It concludes that

§ 3-227 cannot, therefore, be construed so as to deprive the court of its authority.[8] We do not agree.

In *Nick-George Limited Partnership v. Ames-Ennis, Inc.,* 279 Md. 385, 386, 368 A.2d 1001, 1002 (1977), this Court considered the question of the limitations which § 3-224 imposes upon judicial review of an arbitration award. There, an arbitrator entered an award on 18 September 1973 which required Nick-George to pay damages for breach of contract. On 4 December 1973, 77 days later, in the Circuit Court for Harford County, Nick-George filed a bill of complaint seeking, insofar as here relevant, to have the arbitrator's award "declared null and void and of no effect" on the ground that the arbitrator had exceeded his authority.

This Court, stating that the "declaratory action sought to have the award vacated," treated the bill of complaint as a petition to vacate the award. Recognizing that "the General Assembly has restrictively defined the grounds upon which and the condition under which a court may vacate an award," this Court held that because the bill of complaint had not been filed within the statutory time limit, the action could not be maintained. This case establishes that the time constraint contained in § 3-224 is mandatory.

In reaching its conclusion, this Court relied upon *Security Construction Co. v. Maietta,* 25 Md. App. 303, 334 A.2d 133 (1975). In that case, the Court of Special Appeals considered the question of the limitations which § 3-224 and § 3-227 impose upon judicial review of an arbitration award. There, an arbitration panel entered an award on 14 March 1974 which required Security to pay damages for breach of contract. On 24 April 1974, in the Circuit Court for Washington County, Maietta filed a "Petition to Confirm Arbitration Award." On 8 May 1974, in the United States District Court for the District of Maryland, Security filed an action alleging that it was fraudulently induced to enter into the contract which had

8. The only authority cited by the Board in support of this position is Maryland Classified Employees v. Anderson, 281 Md. 496, 380 A.2d 1032 (1977). This case is inapposite because, as the Board concedes, in *Anderson* this Court neither considered nor decided the question whether a claim challenging the validity of an arbitration award must be asserted within prescribed time limits.

been the subject of the arbitration, and seeking to rescind the contract. On 9 May 1974, 56 days after the filing of the award, in the Circuit Court for Washington County, Security filed a "Bill for Injunctive Relief" to enjoin enforcement of the arbitration award "until the issue of the validity of the contract ... has been decided. ..." On 29 May 1974, 76 days after the filing of the award, Security filed an "answer and motion to set aside arbitration award." The trial court denied the motion to set aside the award and entered judgment against Security.

On appeal, Security contended that it had an absolute right to have the issue of the validity of the contract determined by a court before the arbitration award could be confirmed. Based on the underlying rationale that § 3-227 and § 3-224 establish an orderly mechanism whereby a court, not an arbitrator, makes the final determination of the validity of a contract before an arbitration award is enforced, the Court of Special Appeals said:

> "[A]n attack on an arbitration award on the ground that the contract upon which the award is based was fraudulently induced, must be brought solely in accordance with Courts Art. § 3-224(a)(2). Security's filing of the suit for rescission in the U. S. District Court and its aborted effort to secure injunctive relief in the Circuit Court for Washington County appear to us to be a flagrant attempt to run ... around the 'Maryland Uniform Arbitration Act'. ... Security ... did not file its petition within the prescribed thirty days .... Security has simply not followed the statute. ..." [*Security Constr. Co.,* 25 Md. App. at 308, 334 A.2d at 136-37 (footnotes omitted).]

The Court of Special Appeals held that because the claim that the contract was invalid had not been asserted within the statutory time limit, it could not be considered by the trial court, and that the trial court, therefore, was required to

confirm the award. This case establishes that the provisions of § 3-227 are mandatory.[9]

In *Security,* the arbitration award was challenged on the ground that the contract was invalid because of fraud in the inducement, so that the question which the court was allegedly required to determine before it could confirm the award concerned the validity of the contract. Here, the award was challenged on the ground that the arbitrator exceeded his authority by enforcing a contract which violated statutory law, so that the question which the court was allegedly required to determine before it could confirm the award concerned the legality of the contract. The provisions and time constraints of § 3-227 and § 3-224 apply equally, whether the arbitration award is challenged on the ground that the underlying contract is invalid because of fraud or on the ground that the arbitrator exceeded his powers because the underlying contract was illegal. Thus, the difference between *Security* and this case is immaterial.

We agree with the underlying rationale in *Security.* Sections 3-224 and 3-227 establish an orderly mechanism whereby a court, not an arbitrator, makes the final determination of the legality of a contract before an arbitration award is enforced. We now hold that the provisions of § 3-227, as well as the provisions of § 3-224, are mandatory. A trial court must confirm an arbitration award unless the award is challenged within the applicable time constraints.

Here an arbitration award was issued on 1 April 1977. The Board neither complied with the award nor challenged it in any way. It was not until 22 November 1977, after the Association filed a petition to confirm the award, that the Board, in its answer, challenged the award's validity. Thus, approximately 235 days elapsed before the Board asserted its claim that the award was invalid because the arbitrator had exceeded his powers. The Board failed to comply with the mandatory provisions of § 3-224 and § 3-227 which require

---

9. A court in another jurisdiction which has considered a similar question under a similar statute has reached the same result. Wacker v. Allstate Ins. Co., 312 Minn. 242, 249, 251 N.W.2d 346, 350 (1977).

that such a claim be asserted within 30 days. Under these circumstances, the trial court was required to confirm the award.[10]

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

10. The Board's additional contention that Md. Rule E 2 violates the Md. Constitution, Art. IV, § 18(a), was not raised or decided below and was not raised in the Board's petition for certiorari. It need not be considered here. Md. Rules 885 and 813(a).