FARM CONSTRUCTION SERVICE, INC. *vs.* MENDELL ROBINSON. January 21, 1986. *Arbitration,* Judicial review. *Practice, Civil,* Frivolous actions.

In this appeal from a judgment of the Superior Court confirming the decision of an arbitrator, the defendant contends that the award should be vacated pursuant to G. L. c. 251, § 12(*a*)(4), because the arbitrator refused to

hear evidence material to the controversy. See as to the limited scope of review of an arbitration award, the cases collected in *Bernard* v. *Hemisphere Hotel Management, Inc.,* 16 Mass. App. Ct. 261, 263-264 (1983). It is readily apparent that the defendant's contention "is completely without any factual foundation in the record." *Bay State York Co.* v. *Canter Constr. Co.,* 5 Mass. App. Ct. 192, 195 (1977).

For essentially the reasons provided by the Superior Court judge, there was no ground for vacating the arbitration award pursuant to G. L. c. 251, § 12(*a*)(4), particularly where the uncontested averments of the arbitrators stated that: (1) there was no expert evidence which would have been the proper subject of rebuttal and (2) no offer of proof was made describing the proposed expert rebuttal evidence.

Farm Construction has moved for costs, expenses, and attorneys' fees. See Mass.R.A.P. 25, as most recently amended, 378 Mass. 925 (1979), and G. L. c. 211A, § 15. See also *Allen* v. *Batchelder,* 17 Mass. App. Ct. 453, 457-458 (1984). We determine that Farm Construction is to have $500 in damages on account of its legal fees for the appeal, as well as double costs of the appeal. *Id.* at 460. See also *Katz* v. *Savitsky,* 10 Mass. App. Ct. 792, 798 & n.8 (1980).

The judgment is affirmed. Damages and costs shall be assessed in the Superior Court as above provided.

                                                              *So ordered.*

*Girard R. Visconti* for the defendant.
*Peter F. Davis* for the plaintiff.