705 So.2d 681 (1998)
CYPRESS BEND CONDOMINIUM I ASSOCIATION, INC., Petitioner,
v.
Peter DEXNER, Respondent.
No. 97-3816.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
Kenneth E. Zeilberger of Law Offices of Kaye & Roger, P.A., Fort Lauderdale, for petitioner.
Harlan M. Gladstein of Sack & Gladstein, Miami Beach, for respondent.
POLEN, Judge.
Petitioner, Cypress Bend Condominium I Association (Cypress Bend), files this petition for writ of prohibition directed to the circuit court's order denying its motion for summary judgment. Cypress Bend and respondent, Peter Dexner, entered into arbitration proceedings regarding Dexner's alleged violation of condominium regulations. Upon entry of an adverse arbitration order, Dexner filed suit seeking a trial de novo pursuant to section 718.1255(4), Florida Statutes (1997). While the order contained a certificate of service by mail dated May 19, 1997, Dexner did not file his action until June 19, 1997, thirty-one (31) days later. Cypress Bend thereafter filed a motion for summary judgment, arguing that the suit was untimely pursuant to Fla. Adm.Code R. 61B-45.043(2) (1997) and section 718.1255(4)(c), and that the circuit court was without jurisdiction. The circuit court denied the motion, finding that, since Dexner served a copy of the suit by mail within thirty-five days of the order, it was timely pursuant to Fla. Adm.Code R. 22I.6002 (now 60Q-2.002) (adding five days for mailing).
*682 Because we find the thirty-day requirement of subsections 61B-45.043(2) and 718.1255(4)(c) to be a jurisdictional precondition to bringing suit under section 718.1255, we believe the circuit court exceeded its jurisdiction by not granting Cypress Bend's motion. See Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA), cert. denied sub nom., Abundant Life Christian Centre, Inc. v. Markham, 502 U.S. 968, 112 S.Ct. 440, 116 L.Ed.2d 458 (1991). To the extent there is any conflict between the administrative rules, we hold that the specific rule, 61B-45.043(2), prevails over the general rule, 22I-6002. See Abrahams v. Mimosa Co., 174 So.2d 82 (Fla. 3d DCA 1965).
PROHIBITION GRANTED.
GUNTHER and WARNER, JJ., concur.