991 A.2d 1306

**LETKE SECURITY CONTRACTORS, INC.**

v.

**UNITED STATES SURETY COMPANY.**

**No. 02038, Sept. Term, 2008.**

Court of Special Appeals of Maryland.

March 29, 2010.

Donald D. Hecht, Baltimore, for appellant.

Lucas F. Webster (William M. Huddles, Huddles, Jones, Sorteberg & Dachille, PC, on the brief), Columbia, for appellee.

Panel: SALMON,* ZARNOCH, IRMA S. RAKER (Retired, specially assigned), JJ.

IRMA S. RAKER, J., Retired, specially assigned.

This dispute arises out of a voluntary, non-judicial, binding arbitration held in Maryland pursuant to the parties' agreement to arbitrate. The arbitrator issued an award in favor of appellee, United States Surety Company (hereinafter USSC). Appellant Letke Security Contractors (hereinafter Letke), a construction subcontractor, appeals from the order of the Circuit Court for Baltimore City confirming the arbitration award in favor of appellee, USSC. Appellant asks this Court to reverse the order of the circuit court denying Letke's petition to vacate the arbitration award pursuant to the provisions of the Maryland Uniform Arbitration Act (hereinafter MUAA), Maryland Code (1974, 2006 Repl. Vol., 2009 Cum. Supp.), Courts and Judicial Proceedings Article, §§ 3–201 *et seq.*[1] We shall affirm the judgment of the Circuit Court for Baltimore City denying appellant's petition to vacate the arbitration award and affirming the award.

## I.

This case arises from a public construction project on the City of Baltimore's Black River Wastewater Treatment Plant. Letke acted as a subcontractor for the principal contractor, Shaney Construction Company (hereinafter Shaney). Under Maryland's "Little Miller Act," Maryland Code (1985, 2006 Repl. Vol., 2008 Cum. Supp.), State Finance and Procurement Article, §§ 17–101 *et seq.*, Shaney was required to secure the payment of its obligations to its subcontractor by obtaining a performance and payment bond. Shaney contracted with USSC for those bonds.

---

* James P. Salmon, J., participated in the hearing and conference of this case while an active member of this Court; he participated in the adoption in this opinion as a specially assigned member of the Court.

1. Unless otherwise noted, all subsequent statutory references herein shall be to the Courts and Judicial Proceedings Article of the Maryland Code (1974, 2006 Repl. Vol., 2009 Cum. Supp.).

For reasons not germane to this litigation, the relationship between appellant and Shaney Construction Company came to an early end. The parties agreed to arbitrate the matter before Robert M. Wright, Esq. On August 6, 2007, the arbitrator conducted a conference call to set administrative deadlines and the date of the arbitration hearing. Both parties were represented by counsel, and Letke, through counsel, agreed to the dates of January 3 and 4, 2008, for the hearing.

On October 31, 2007, appellant's counsel withdrew from the case. Letke's counsel requested Shaney to consent to a postponement of the hearing if new counsel needed it, and Shaney agreed. No new counsel entered an appearance in the case. There was no further communication on this topic until December 21, 2007, thirteen days before the scheduled merits hearing. Shaney wrote to the arbitrator to determine whether Letke would be retaining counsel; whether Letke would be permitted to proceed *pro se;* whether Letke would meet the December 28, 2007, deadline for the exchange of witness lists and exhibits; and whether the hearing would proceed as scheduled on January 3 and 4, 2008. At that time, Shaney was still willing to agree to a postponement, and stated in its letter as follows:

"[I]f the arbitration is to be postponed, we would ask that we make a decision in that regard without further delay. While we remain willing to extend courtesies to opposing counsel with regard to the scheduling of the date, this case needs to come to a resolution within a reasonable time."

The letter further read in relevant part as follows:

"As you may recall, on October 31, 2007, Louis J. Kozlakowski, Jr., Esquire notified you that he was no longer serving as legal counsel for the Claimant.... Nearly 60 days have passed since Mr. Kozlakowski's letter and no new counsel has yet entered their appearance for the Claimant.... While Shaney is prepared to proceed with this case and meet [the January 3 and 4] deadlines, when Mr. Kozlakowski advised that he was stepping out of this case he asked that Shaney agree to a postponement of the hearing dates

once Letke secured new counsel. As a matter of courtesy and professionalism, we agreed to Mr. Kozlakowski's request. Of course, at the time Shaney did so it expected Letke would secure new counsel in a reasonable time. At this point, we need to know what the Claimant intends to do with this case."

In response to appellee's letter, the arbitrator contacted appellant, and on December 21, Kimberly Letke responded with a letter on behalf of her company, which was faxed to both appellee and the arbitrator. The letter stated in relevant part:

"I believe I have secured counsel.

\* \* \*

I still intend to proceed with the Arbitration on January 3, 2008. If the attorney to whom I believe will take the case is away til January 2, 2008. If [he] does not enter his appearance, then I have the right to represent my business, Letke Security Contractors, Inc. Therefore, so we do not delay I will forward you and Mr. Bob Wright the exhibits . . . ."

On the same day, the arbitrator responded to Ms. Letke's letter, confirming that Ms. Letke would be permitted to represent her company without counsel, at her election.

On December 28, Ms. Letke sent a letter to the arbitrator requesting a postponement of the January 3, hearing, arguing that she did not receive appellee's exhibits until 6:30 p.m. on December 28, after the agreed upon deadline of 5:00 p.m. Ms. Letke further argued that appellant's new attorney would not have time to review the case. The attorney had not entered an appearance on behalf of appellant, and this December 28 communication was the first indication of any plan for him to represent appellant. Appellee opposed Ms. Letke's request, arguing that it had incurred expenses in preparation for the early January hearing. The arbitrator denied the postponement request, ruling as follows:

"With regard to the most recent postponement request, there has yet to be any entry of appearance or other indication from Mr. Baker that he desires to represent

Letke. As to any agreement by [appellee] with [appellant's outgoing counsel] to postpone the hearings at the request of new counsel, that obviously assumed an engagement of new counsel within a reasonable period of time so that the proceedings would not be unduly delayed. A reasonable time has long since passed. A fundamental premise of an agreement to arbitrate is the speedy resolution of disputes. In light of all of the above, the Hearings will commence on Thursday, January 3, 2008 as scheduled.... "

The hearings occurred according to the original schedule, on January 3 and 4, 2008, with all parties present and participating. Ms. Letke appeared at the hearing, made arguments, provided testimony, introduced documents, and cross-examined witnesses.

On January 23, 2008, the arbitrator issued an award in favor of USSC, mailing it to the parties by regular mail. Appellant sent an undated letter to the arbitrator, seeking "reconsideration" of the award.[2] The letter was postmarked February 19 and received by the arbitrator on February 21, 2008.

On May 16, 2008, appellee filed a motion in the Circuit Court for Baltimore City to confirm the arbitration award and for entry of judgment in its favor. Appellant responded, stating that appellee's motion to confirm the award was premature because appellant had requested the arbitrator "to modify or correct his decision." On July 14, 2008, the circuit court denied appellee's motion on the grounds that "plaintiff asserts that it filed a timely request for modification of the arbitration award and, there being no final determination from the arbiter at this time, the Court may not act on defendant's motion to confirm the award or enter judgment." On the same day, July 14, the arbitrator denied appellant's motion for modification. The Order, signed by Robert M. Wright, stated as follows:

---

**2.** Appellant's basis for asking the arbitrator to reconsider the award was a merits-based argument. It did not complain that the hearing should have been postponed, that it was denied counsel, or that it was denied fundamental fairness.

"The Award in this case was transmitted by ordinary mail to the parties on January 23, 2008. Letke Security Contractors sent a letter to the undersigned postmarked February 19, 2008 which was received February 21, 2008 requesting a reconsideration of the Award. The request is denied upon the grounds that the request was untimely pursuant to both the Maryland Arbitration Law and the Commercial Arbitration Rules of the American Arbitration Association and, alternatively, that no sufficient grounds have been shown to justify a modification of the Award."

Appellant filed a motion in the circuit court, requesting that the court vacate the arbitration award. It argued that it had been prejudiced by the arbitrator's refusal to postpone the hearing.

Appellee filed an opposition to the motion to vacate, and asked the court to confirm the Award and enter final judgment in favor of USSC. Appellee presented two arguments to the circuit court—the first, that the motion to vacate the award was untimely filed,[3] and the second, that the arbitrator did not abuse his discretion in denying the request to postpone the hearing.

The circuit court ruled that the motion to vacate was timely filed but denied the motion on the grounds that the arbitrator did not abuse his discretion in denying the postponement and requiring the parties to go forward with the hearing that was previously scheduled and agreed upon. The court issued an order denying the motion to vacate, confirming the January 23, 2008 arbitration award, and entering judgment in favor of USSC.

Appellant noted a timely appeal to this Court, and presents two issues: first, whether the arbitrator's refusal to postpone

---

3. In this Court, appellee does not raise the timeliness of appellant's motion to vacate the award, although it raised the issue in the circuit court, fully briefed and argued it, and suffered an adverse ruling on the defense. In response to this Court's questioning at oral argument, appellee indicated that the decision not to raise the issue in this appeal was a tactical decision.

the hearing was arbitrary and an abuse of discretion, and second, whether appellant was substantially prejudiced and denied fundamental fairness when it was required to proceed at the arbitration hearing without counsel.

Before this Court, appellant argues that the arbitrator abused his discretion in denying its motion to postpone the participatory hearing. It maintains that it was prejudiced by Ms. Letke's having to proceed on behalf of appellant without an attorney, and that because appellee had indicated that it was willing to postpone the hearing to allow new counsel to prepare, appellee unfairly withdrew its offer.

Appellee argues that the arbitrator's decision whether to continue the hearing was a discretionary one, and that he did not abuse his discretion. Appellee asserts that when it indicated it would agree to a continuance in October, it did not contemplate a last-minute attempt by appellant to invoke the offer for a continuance.

■ In Maryland, as in perhaps every state in the country, the public policy of the State, as reflected in C.J. §§ 3–201 *et seq.* is for the resolution of disputes through arbitration. Until 1965, when the MUAA was enacted by the Legislature, arbitration in Maryland was governed by the common law rules. The Uniform Arbitration Act is the product of the National Conference of Commissioners on Uniform State Laws, and was promulgated in 1955. It has now been adopted by the District of Columbia and thirty-five states, including Maryland. Judge Rita C. Davidson, writing for this Court in *Bel Pre Medical Center v. Frederick Contractors Inc.,* discussed this State's public policy towards arbitration, stating as follows:

"The Uniform Arbitration Act constitutes a radical departure from the common law. Executory agreements to arbitrate are to be deemed 'valid, irrevocable and enforceable,' and suits to compel arbitration or to stay the action of a court pending arbitration may now be brought. The prime purpose of these provisions is to discourage litigation and to foster voluntary resolution of disputes in a forum created,

controlled and administered according to the parties' agreement to arbitrate. Thus, by its enactment, the General Assembly established a policy in favor of the settlement of disputes through the arbitration process and ended the ambivalence of courts under the common law. Not only suits to enforce an arbitrator's award, but also suits to compel arbitration and suits to stay court action pending arbitration, are now to be viewed as 'favored' actions."

*Bel Pre Medical Center, Inc. v. Frederick Contractors, Inc.*, 21 Md.App. 307, 319–20, 320 A.2d 558, 565 (1974), *vacated on other grounds*, 274 Md. 307, 314, 334 A.2d 526, 530 (1975) (noting that "the Court of Special Appeals, in a scholarly opinion, traced the history of arbitration in this country. . . .").

■ A party may file a petition to vacate an arbitration award in the courts of this State pursuant to the MUAA. C.J. § 3–224 sets forth the narrow grounds upon which an award may be vacated. Accordingly, arbitration awards are subject to extremely narrow judicial review. The Act provides the grounds for setting aside an award in C.J. § 3–224, as follows:

(a) Petition.—

(1) Except as provided in paragraph (2), a petition to vacate the award shall be filed within 30 days after delivery of a copy of the award to the petitioner.

(2) If a petition alleges corruption, fraud, or other undue means it shall be filed within 30 days after the grounds become known or should have been known to the petitioner.

(b) Grounds.—The court shall vacate an award if:

(1) An award was procured by corruption, fraud, or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or

otherwise so conducted the hearing, contrary to the provisions of § 3–213 of this subtitle, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement as described in § 3 –206 of this subtitle, the issue was not adversely determined in proceedings under § 3–208 of this subtitle, and the party did not participate in the arbitration hearing without raising the objection.

(c) When award not to be vacated.—The court shall not vacate the award or refuse to confirm the award on the ground that a court of law or equity could not or would not grant the same relief.

A party is entitled to be represented by counsel at an arbitration hearing under the MUAA, C.J. § 3–216(a). That section provides, in relevant part, as follows:

(a) Representation by attorney.—A party has the right to be represented by an attorney at any proceeding or hearing under this subtitle.

(b) When waiver ineffective.—A waiver of the right to be represented by an attorney prior to the proceeding or hearing is ineffective.

Judicial review of an arbitrator's decision is extremely limited, and a party seeking to set it aside has a heavy burden. *See Kovacs v. Kovacs,* 98 Md.App. 289, 303, 633 A.2d 425, 432–33 (1993) (stating that "[a] party asserting that error was committed by an arbitration panel bears the burden of showing, by the record, that the error occurred."); *Southern Maryland Hosp. Ctr. v. Edward M. Crough, Inc.,* 48 Md.App. 401, 407, 427 A.2d 1051, 1055 (1981) (stating that "the courts' function in confirming or vacating a commercial award is 'severely limited.' "); *see also* MUAA § 3–222 (limiting the grounds for vacating an arbitration award). In fact, the standard of review of arbitral awards "is among the narrowest known to the law." *Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7,* 886 F.2d 275, 276 (10th Cir.1989). We will not vacate an arbitration award simply because the court would not have made the same

award as the arbitrator, or for mere legal error. *MCR v. Greene,* 148 Md.App. 91, 117, 811 A.2d 331, 346 (2002); *Southern Maryland Hosp. Ctr.,* 48 Md.App. at 407, 427 A.2d at 1055. Significantly, the General Assembly has "expressly proscribed any possibility of substitution of a reviewing court's judgment for that of the arbitrator." *Nick–George Ltd. P'ship v. Ames–Ennis, Inc.,* 279 Md. 385, 389, 368 A.2d 1001, 1003 (1977). This limited review serves to strike a balance between the need for efficient, speedy, and economical dispute resolution, and the need to establish justified confidence in arbitration among the public. *See Brandon v. Hines,* 439 A.2d 496, 509 (D.C.1981).

 Appellant presents two arguments. First, that the arbitrator's denial of the postponement request was arbitrary and an abuse of discretion. Letke maintains that the arbitrator was willing to postpone the hearing if his fee had not been paid or if exhibits had not been exchanged, but he refused to continue the hearing for a short time to permit the corporation to be represented by counsel. Second, Letke argues that it was substantially prejudiced and denied fundamental fairness when it was required to proceed at the arbitration hearing without counsel. Because this matter was a complicated one, appellant continues, forcing it to go forward without counsel denied it fundamental fairness.

 Appellant claims that the arbitrator should have granted the motion for postponement because it did not have defense counsel. Section 3–224 of the MUAA is an exception to the general rule that decisions of the arbitrator are not subject to judicial review. Section 3–224(b)(4) requires a court to vacate an award if the arbitrator refused to postpone the hearing upon sufficient cause being shown for the postponement and the moving party was substantially prejudiced. Because the primary purpose of the underlying policy of favoring arbitration is to promote the expeditious and speedy resolution of disputes, a court's review of the arbitrator's decision to grant or deny a hearing is extremely limited. *See, e.g., Fairchild & Co. v. Richmond F. & P.R. Co.,* 516 F.Supp.

1305, 1313–14 (D.D.C.1981) (noting that "[a]ssuming there exists a reasonable basis for the arbitrators' considered decision not to grant a postponement, the Court will be reluctant to interfere with the award on these grounds."). When the arbitrator has a "reasonable basis" for refusing to postpone, the arbitrator should be granted "a degree of discretion" in exercising his judgment. *Naing Int'l Enters. v. Ellsworth Assocs.*, 961 F.Supp. 1, 3 (D.D.C.1997); *see also ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir.1995) (stating that "[b]ecause the primary purpose for the federal policy of favoring arbitration is to promote the expeditious resolution of disputes, a court's review of the arbitrator's decision to postpone or not postpone the hearing is quite limited.").

In Maryland, as in the analogous federal act, the decision whether to grant a postponement of the hearing is within the discretion of the arbitrator. *See United States v. Gourley*, 168 F.3d 165, 172 n. 11 (5th Cir.1999) (noting that "our Court reviews a district court's denial of a motion for continuance for abuse of discretion resulting in serious prejudice."); *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463–64 (10th Cir.1995) (noting that "the arbitrator was clearly acting within the scope of his discretion in not continuing the hearing ...."); *cf. Cruis Along Boats, Inc. v. Langley*, 255 Md. 139, 143, 257 A.2d 184, 187 (1969) (noting that "in the absence of abuse of discretion, a ruling on a motion for continuance or postponement [by a trial court], is not reviewable."); *Markey v. Wolf*, 92 Md.App. 137, 177, 607 A.2d 82, 102–03 (1992) (noting that a trial court's denial of a continuance is not a ground for reversal absent an abuse of discretion). Accordingly, this Court reviews the decision of an arbitrator not to postpone a hearing only to determine whether that decision constitutes an abuse of discretion. An abuse of discretion exists when "no reasonable person would take the view adopted by the trial court, or when the court acts without reference to any guiding rules or principles." *Cobrand v. Adventist Healthcare*, 149 Md.App. 431, 437, 816 A.2d 117, 120 (2003).

We hold that the arbitrator did not abuse his discretion in denying the postponement. Neither was appellant denied assistance of counsel. The postponement request came at the eleventh hour and after appellant, through Ms. Letke, had agreed to proceed without counsel on the assigned hearing date. The hearing date was selected by both parties, and there was adequate notice to all of the agreed-upon date. Appellant's counsel withdrew and appellant consented explicitly to proceeding without counsel if it was unable to secure counsel. Appellant then waited until the week before the hearing to request a continuance.

The arbitrator, in an email to the parties, explained his reasons for denying the postponement request, stating as follows:

"As to any agreement by [appellee] with [appellant's outgoing counsel] to postpone the hearings at the request of new counsel, that obviously assumed an engagement of new counsel within a reasonable period of time so that the proceedings would not be unduly delayed. A reasonable time has long since passed. A fundamental premise of an agreement to arbitrate is the speedy resolution of disputes. In light of all of the above the Hearings will commence on Thursday, January 3, 2008 as scheduled. . . ."

Although the email did not recite the entire chronology relevant to the decision, the events that his decision references are easily reconstructed.

On October 31, 2007, at the latest, Ms. Letke became aware that her company's counsel was withdrawing. At that time, appellant's outgoing counsel asked that appellee agree to a postponement of the hearing dates if necessary to allow appellant's new counsel time to prepare. Over fifty days later, on December 21, having heard nothing from appellant regarding new counsel, appellee wrote to the arbitrator, requesting that the arbitrator contact appellant and set a deadline for finding new counsel. Ms. Letke responded by letter, stating both that she "believed [she had] secured counsel," and that if the attorney was unavailable, Ms. Letke would represent her

business herself at the upcoming hearing. Only on December 28, approximately one week before the hearing and without new counsel having entered an appearance, did Ms. Letke make a request for a postponement. Ms. Letke grounded her request on her inability to find new counsel, and on the receipt of appellee's exhibits ninety minutes later than the agreed deadline. The ninety-minute delay in providing discovery is a smoke screen; appellant shows no prejudice from the minuscule delay, and it is hardly credible to say that the arbitrator abused his discretion in denying the postponement request on that basis.

Although appellee initially manifested a willingness to accommodate appellant's need to find new counsel, the arbitrator observed correctly that this willingness presupposed that appellant would act expeditiously. Appellee's willingness to accommodate new counsel's need for preparation cannot be transformed into an acquiescence in appellant's failing to act for nearly two months, explicitly denying any need for extra time, and then invoking appellee's offer at the last minute. There was no abuse of discretion.

■■■ The right to be represented by counsel at an arbitration hearing, described under Maryland law in the MUAA, § 3–216(a), has been treated as non-absolute in sister jurisdictions under similar facts. *See, e.g., Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1289–90 (11th Cir.2002) (approving the district court's confirmation of an arbitration award, where the arbitration panel "fail[ed] to grant [appellant] a continuance after he fired his attorney mid-hearing."); *Maidman v. O'Brien,* 473 F.Supp. 25, 33–34 (S.D.N.Y.1979) (approving an arbitrator's refusal to grant a second postponement, where the arbitrator provided an initial adjournment for a party to obtain counsel, and the party "never succeeded in this endeavor in the three years thereafter, and the arbitration went ahead."); *Bay State York Co. v. Canter Construction Co.,* 5 Mass.App.Ct. 192, 360 N.E.2d 900, 901 (1977) (upholding the confirmation of an arbitration award, reasoning that the "arbitrators might very well have believed that the defendant's

discharge of its counsel shortly before the date set for hearing constituted still another attempt to delay the proceedings."); *cf. Jones v. State,* 403 Md. 267, 302, 941 A.2d 1082, 1102 (2008) (noting that a postponement of a criminal trial was denied properly despite the defendant's lack of legal counsel, where defendant had been advised repeatedly to seek counsel and offered postponements). Appellant's attempt to morph this case into a denial of the right to counsel fails. Ms. Letke knew that her company had a right to counsel and in fact, appellant was represented by counsel during the early proceedings. Ms. Letke made clear to the arbitrator that she wanted to proceed on the scheduled date, with or without counsel.

Accordingly, we affirm the order of the circuit court confirming the arbitration award.

## II.

■ Although we have addressed the merits raised by appellant in this appeal, we have substantial doubt that the petition to vacate the arbitrator's award was timely filed in the circuit court. The delivery of the award to appellant in this case was on January 23, 2008. Appellant then sent the arbitrator a letter request to reconsider the award in February. Letke raised only an attack on the merits, and did not raise any of the limited grounds for reconsideration set out in the MUAA.[4]

---

**4.** 3–222. Modification or correction of award.
 (c) Grounds for modification.—The arbitrators may modify or correct an award:
 (1) On the grounds stated in 3–223(b)(1), (2), or
 (3) of this subtitle; or
 (2) For the purpose of clarity.
The grounds provided in 3–223(b), referred to in 3–222(c), are as follows:
 3–223. Correction or modification of award by court.
* * *
 (b) Conditions for modification or correction of award.—The court shall modify or correct the award if:

The MUAA plainly requires that a petition to vacate an award must be filed within thirty days after delivery of the award to the applicant unless the award is predicated upon corruption, fraud, or other undue means, in which case the petition must be filed within thirty days after the grounds become known or should have been known to petitioner. The purpose underlying the short periods prescribed in both the federal and state arbitration statutes for moving to vacate an award is to accord the arbitration award finality in a timely fashion.

Letke contended that its petition to vacate the award was filed timely because it was filed within thirty days of the delivery of a copy of the "final award," *i.e.*, the arbitrator's denial of Letke's motion for reconsideration of the award. Appellee USSC, on the other hand, argued in the circuit court that Letke's reconsideration request was improper, did not fit within any of the statutory provisions, and in any case, did not toll the time for filing a petition to vacate in the circuit court. Based on our limited research, we tend to agree with USSC.

The MUAA, C.J. § 3–222, permits a party to apply to an arbitrator (1) for correction of an evident miscalculation of figures or an evident mistake in a description of a person, thing or property, (2) for modification or correction of some imperfection in a matter of form, or (3) for the purpose of clarifying the award. Courts have held that "[the] limited functions of the arbitrator after delivery of a copy of his award do not suggest that the time for filing an application to vacate or modify the award may be extended." *Trustees of Boston and M. Corp. v. Massachusetts Bay Transp. Authority*, 363 Mass. 386, 394, 294 N.E.2d 340, 346 (1973). The Supreme

---

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Judicial Court of Massachusetts continued, stating that "[the arbitration act does] not recognize the pendency of a request to the arbitrator to modify the award or an actual modification or correction of the award by the arbitrator as measuring points for determining whether an application to the court to vacate or modify an award has been seasonably filed." *Id.* The court opined as follows:

"If it were necessary to a decision in this case, we would hold that neither an application to an arbitrator under G.L. c. 251, § 9, for modification or correction of his award nor a modification or correction of that award by the arbitrator extends the period within which a party may file an application to vacate or modify the original award. Such an interpretation of G.L. c. 251 is consistent with the purpose of attaining prompt and conclusive answers to issues submitted to arbitration."

*Id.*

In *C.W. Jackson & Assoc., Inc. v. David L. Brooks, et al.,* 46 Md.App. 63, 415 A.2d 640 (1980), citing the *Massachusetts Bay Transportation Authority* case, in discussing the time limits set out in § 3–223, we noted as follows:

"The 90–day time limit specified in § 3–223(a) is not merely a helpful guideline. It is a mandatory requirement, a statute of limitations; and if the petition for modification is not filed within the 90 days, the court has no authority to consider it or the matters affirmatively presented by it. *See Nick–George Ltd. v. Ames–Ennis, Inc.,* 279 Md. 385 [368 A.2d 1001] (1977), construing analogous time limits in § 3–222 (application to the arbitrator for modification) and § 3–224 (petition to court to vacate award) as mandatory; *also Bd. of Ed. of Charles Co. v. Ed. Ass'n,* 286 Md. 358, 366 [408 A.2d 89] (1979), reaffirming the mandatory character of those time limits. We see nothing in the statute that would warrant any different interpretation being given to the time limitation in § 3–223. *See Trustees of Boston & M. Corp. v. Massachusetts B.T.A.,* [363 Mass. 386] 294 N.E.2d 340 (Mass.1973); *Emporium Area J.S.A. v. Anundson Const. &*

*Bldg. Sup. Co.,* [402 Pa. 81] 166 A.2d 269 (Pa.1960); and *cf. Witt v. Reinholdt & Gardner,* 587 F.2d 383 (8th Cir.1978)." *Id.* at 69–70, 415 A.2d at 643–44. It is most likely that the motion in the instant case was untimely filed.

The question arises: Is the time limit in the MUAA jurisdictional, or a statute of limitations that may be waived if not raised? If the timeliness of a motion to vacate under the MUAA is jurisdictional, parties cannot waive the matter, and indeed, an appellate court has the duty to notice the issue on its own initiative. Practically all of the federal cases and cases of our sister jurisdictions addressing the timeliness of a petition to vacate an arbitration award refer to the time for filing as a statute of limitations. *See, e.g., Foster v. Turley,* 808 F.2d 38, 41 (10th Cir.1986) (stating that "[w]e have found no case holding that the filing requirement is jurisdictional in nature. . . ."); *Local 26, International Brotherhood of Electrical Workers, AFL–CIO, v. CWS Electric,* 669 F.Supp. 495, 497–98 (D.D.C.1986) (referring to the "90–day statute of limitations" on motions to vacate); *Detroit Auto. Inter–Insurance Exchange v. Gavin,* 416 Mich. 407, 422, 331 N.W.2d 418, 425 (1982) (holding that "we do not read the 20–day period as defining the jurisdictional authority of the circuit court."); *but see Cypress Bend Condo. I Ass'n v. Dexner,* 705 So.2d 681, 681 (Fla.App. 4th Dist.1998) (stating that "we find the thirty-day requirement of [the Florida rule establishing the deadline to file a motion to vacate, modify or correct an award] to be a jurisdictional precondition to bringing suit. . . ."); *City of Galion v. Am. Fed'n & Mun. Employees, Local No. 2243,* 71 Ohio St.3d 620, 646 N.E.2d 813, 814 (1995) (stating that "[Ohio Rev.Code Ann. § 2711.13] provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award. . . . If an application is filed after this period, the trial court lacks jurisdiction.").

Statutes of limitations may be waived by the parties. *See Kim v. Comptroller of Treasury,* 350 Md. 527, 536, 714 A.2d 176, 180 (1998) (stating that "statutes of limitation are not ordinarily jurisdictional, and are generally waivable

. . . ."); *but see Moscatiello v. Hilliard,* 595 Pa. 596, 606 n. 1, 939 A.2d 325, 328 (2007) (Cappy, C.J., concurring) (noting "that Pennsylvania decisions have suggested that 42 Pa.C.S. § 7314(b) and . . . 42 Pa.C.S. § 7342(b), in setting forth the time limit in which appeals from arbitration awards must be brought, may be jurisdictional in nature.").

Appellee has elected, as a matter of strategy, not to raise in this Court the timeliness of appellant's motion to vacate the award, although it raised the issue in the circuit court, and fully briefed and argued it. Appellee suffered an adverse ruling on the defense but prevailed on the merits. As a result, this complex issue has not been briefed nor sufficiently argued before this Court for us to address it adequately. Because the issue has not been briefed or argued, because most jurisdictions appear to treat the matter as a waivable statute of limitations and not one of jurisdiction, and particularly because appellee again prevails on the merits, we shall not decide it.

*JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.*