PAREKH CONSTRUCTION, INC. *vs.* PITT CONSTRUCTION
CORP.

No. 89-P-1337.

Suffolk. March 13, 1991. - September 10, 1991.

Present: SMITH, JACOBS, & GILLERMAN, JJ.

*Contract*, Construction contract, Arbitration. *Arbitration*, Conduct of pro-
ceedings, Vacating award, Discretion of arbitrator.

A party that did not participate in an arbitration proceeding was entitled
to raise the issue of the arbitrability of the dispute on its application
under G. L. c. 251, § 12(*a*)(5), to vacate the award. [358-359]

In a proceeding under G. L. c. 251, § 12(*a*)(5), to vacate an arbitration
award, the judge properly concluded that the parties had agreed to ar-
bitrate their dispute. [359]

In a proceeding to vacate an arbitration award under G. L. c. 251, the
judge did not abuse her discretion in deciding the matter on the basis of
documentary evidence rather than testimony. [359-360]

There was no basis under the provisions of G. L. c. 251, § 12(*a*)(4), to
vacate an arbitrator's award for his alleged refusal to reopen the pro-
ceedings to hear evidence, where the arbitrator gave the parties ample
opportunity to submit evidence for consideration before closing the pro-
ceedings. [360]

There was no merit to a party's claim, in a proceeding to vacate an arbi-
tration award, that the arbitrator was not impartial. [360-361]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 7, 1989.

The case was heard by *Barbara A. Dortch*, J.

*W. Arthur Garrity, III*, for the plaintiff.

*John J. Spignesi* for the defendant.

SMITH, J. Parekh Construction, Inc. (Parekh), appeals
from a judgment of the Superior Court denying its applica-
tion to vacate an arbitration award and confirming the award
in favor of Pitt Construction Corp. (Pitt). Parekh argues four
grounds for reversal. They are (1) there was no agreement to
arbitrate between the parties, (2) the judge erred when she

did not hold an evidentiary hearing on the question of arbitrability of the dispute, (3) the arbitrator committed error when he refused to reopen the arbitration proceedings and allow Parekh to present evidence, and (4) the arbitrator was not impartial. We affirm the judge's actions.

We set out the following facts as background for our analysis. Pitt, a site contractor, was a subcontractor for Parekh on two projects. On each project, Pitt was to perform landscaping and other work. One of the projects was located at New Boston Street in Woburn (New Boston project); the other project was the construction of a water pipe (Waterline project) that was to be connected to one end of the New Boston project.

On the New Boston project, Parekh entered into a subcontract with Pitt dated May 28, 1985, which contained a provision requiring arbitration of all disputes in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.[1] There was also evidence that in January, 1986, Parekh prepared and signed a draft subcontract for the Waterline project containing the identical arbitration clause.

Pitt completed both jobs by July, 1986, and billed Parekh separately for each project. On March 15, 1988, after repeated demands for payment, Pitt, by letter, notified Parekh that the outstanding balance under both projects totalled $110,551.24, and requested payment. When Parekh did not respond, Pitt filed on July 27, 1988, a written demand for arbitration respecting both projects with the Boston office of the American Arbitration Association (Association).

Commencing on July 27, 1988, various notices were sent to Parekh by the Association concerning the forthcoming arbitration hearing. They included notices to answer, to choose an arbitrator, and to produce documents. The notices were

---

[1] The provision in the subcontract reads, in pertinent part, as follows: "All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration, which shall be conducted . . . in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."

sent by certified mail, return receipt requested. The return receipts were signed by an agent of Parekh, but there were no responses to the various notices.

On August 17, 1988, the Association notified both parties that hearings before the arbitrator had been scheduled for November 2 and 3, 1988, at the Association office. On November 2, 1988, Pitt and its counsel appeared at the Association's office. No one appeared on behalf of Parekh. It was then discovered that Parekh had not been formally served with the demand for arbitration. On that date, Parekh was formally served with the demand for arbitration, certified mail, return receipt requested. Again, there was no response from Parekh, except for the signed receipt. In its complaint filed to vacate the award, Parekh admitted that it had received this notice.

On November 29, 1988, the Association issued a notice to both parties advising that a preliminary hearing had been scheduled for January 3, 1989 at the Association's office. On that date, Pitt's counsel appeared, but no one appeared on behalf of Parekh.

On January 3, 1989, the Association sent notice to both parties advising that another hearing had been scheduled for January 13, 1989, at the Association's office. According to the return receipt, that notice was received by Parekh on January 5, 1989. On January 13, 1989, Pitt and its counsel again appeared before the arbitrator. No one appeared on behalf of Parekh, nor was there any communication from Parekh to the Association, the arbitrator, or Pitt. The arbitrator elected to proceed in accordance with rule 30 of the Construction Industry Arbitration Rules of the Association set out in the margin.[2]

---

[2]"Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or counsel, who, after due notice, fails to be present or fails to obtain an adjournment. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as is deemed necessary for the making of an award."

See also G. L. c. 251, § 5, as inserted by St. 1960, c. 374, § 1, which states in relevant part:

Pitt introduced nineteen exhibits at the hearing, including the two subcontracts that contained the arbitration clauses.[3] In addition, Pitt presented oral testimony in regard to the work it had performed on the two projects and the amount owed by Parekh. At the close of the hearing, Parekh was advised by letter dated January 13, 1989, that the arbitrator would afford it an additional seven days from the date of the letter to submit to the arbitrator in writing, through the Association, any evidence Parekh may wish to have the arbitrator consider in the matter.

By letter dated January 20, 1989 (the seventh day), Parekh wrote to the Association claiming that it was "completely unaware of hearing held on [January 13, 1989]. We would like to bring all the papers requested. Please advise us when and where all the papers can be presented regards to the above matter." By letter dated January 20, 1989, the Association notified both parties that, by direction of the arbitrator, the proceedings were declared closed as of that date. On February 8, 1989, the arbitrator after reviewing the January 20 letter from Parekh, declined to reopen the arbitration hearing and awarded to Pitt the sum of $95,303.34, plus interest, representing the amount owed by Parekh to Pitt on both the New Boston and Waterline projects.

On March 7, 1989, Parekh filed in the Superior Court a complaint and motion to vacate the arbitration award. G. L. c. 251, §§ 12(a)(2) and (5). A hearing on the motion was conducted before a Superior Court judge on May 16, 1989. On May 17, 1989, the judge denied Parekh's motion to vacate the arbitration award. In accordance with G. L. c. 251, § 12(d), the judge confirmed the award and entered judg-

---

"The arbitrators may hear and determine the controversy upon the evidence produced notwithstanding the failure of a party duly notified to appear."

[3]By the time of the hearing, Pitt could not find the original subcontract for the Waterline project. Instead, it introduced in evidence a copy of the subcontract, signed by Parekh. A representative of Pitt at the hearing identified Parekh's president's signature and also testified that the copy was identical to the lost original.

ment on June 8, 1989, in the amount of $126,203.90. Parekh claimed an appeal.

Parekh then filed on June 26, 1989, a motion to alter or amend the judgment. Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974). That motion was denied.[4]

1. *The existence of the arbitration agreement on the Waterline project.* Conceding that there was an arbitration agreement on the New Boston project, Parekh argues, on appeal, that it never entered into an agreement with Pitt to arbitrate any dispute in regard to the Waterline project; it claims that the judge committed error when she confirmed that portion of the arbitration award relating to the Waterline project. We disagree.

As a preliminary matter, we address Pitt's contention that Parekh could not raise the question of arbitrability of the dispute for the first time on its application to vacate the award.

In Massachusetts, the question whether the parties have agreed to arbitrate a dispute may be raised either prior to or during the arbitration proceedings by way of an application in the Superior Court. G. L. c. 251, § 2(*b*).[5] The issue may also be raised in the Superior Court after the arbitrator has made an award "if the issue was not adversely determined in proceedings under [G. L. c. 251, § 2(*b*)] and the party did not participate in the arbitration hearing without raising the objection . . . ." G. L. c. 251, § 12(*a*)(5).[6] Here, Parekh did not raise the issue of arbitrability prior to or during the pro-

---

[4]Parekh filed a notice of appeal in regard to the denial of its motion to alter and amend the judgment. That issue, however, is not argued in its brief and we deem the issue waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

[5]General Laws c. 251, § 2(*b*), as inserted by St. 1960, c. 374, § 1, states in relevant part: "Upon application, the superior court may stay an arbitration proceeding commenced or threatened if it finds that there is no agreement to arbitrate. . . ."

[6]General Laws c. 251, § 12(*a*)(5), as inserted by St. 1960, c. 374, § 1, states in relevant part: "Upon application of a party, the court shall vacate an award if . . . there was no arbitration agreement and the issue was not adversely determined in proceedings under section two and the party did not participate in the arbitration hearing without raising the objection. . . ."

ceedings, and did not participate in the arbitration proceedings.[7] Therefore, Parekh could properly raise the issue on its application to vacate the arbitrator's award.[8]

Both parties submitted documentary evidence on the issue of arbitrability at the hearing on Parekh's application to vacate the award. Parekh's evidence took the form of an affidavit from its president. In it, he admitted, among other things, that Parekh had hired Pitt as a subcontractor to perform site and other work on the Waterline project but denied that the parties had executed a written subcontract for the project. Pitt submitted the record of the arbitration proceedings, the transcript of the hearings, and the exhibits which included the copy of the Waterline project subcontract, signed by Parekh's president.

From the judge's denial of Parekh's application to vacate the arbitration award, it is implicit that she concluded that the parties had agreed to arbitrate any dispute arising from the Waterline project. We have examined the evidence that was before the judge and rule that it supported the judge's conclusion.

2. *Failure to hear testimony at the hearing.* Parekh claims that the judge abused her discretion in not hearing testimony on the issue of arbitrability at the hearing on its application to vacate the award. The judge did receive evidence in the form of documents at the hearing. There is nothing in this record, however, showing that Parekh offered to produce testimony at the hearing and that its offer was refused by the judge. Further, Parekh does not cite any decision that compels a judge to hear testimony, when not requested, on an application to vacate an arbitration award. Compare G. L.

---

[7]In *Turner Fisheries, Inc.* v. *Seafood Wkrs. Union I.L.A.*, 19 Mass. App. Ct. 925, 927 (1984), the employer participated in the arbitration hearing and did not object to the hearing on the ground that no agreement to arbitrate existed between the parties. Because it participated in the hearing, we held that it was too late for the employer to raise the issue in its application to vacate the award.

[8]Whether the parties have agreed to arbitrate is a matter to be decided finally by the court and not by the arbitrator. *AT&T Technologies, Inc.* v. *Communications Wkrs. of America*, 475 U.S. 643, 649 (1986). *Sheahan* v. *School Comm. of Worcester*, 359 Mass. 702, 709-710 (1971).

c. 251, § 15, as inserted by St. 1960, c. 374, § 1, which states in relevant part that "an application to the court under this chapter shall be by motion and shall be *heard in the manner* and upon the notice provided by law or rule of court for the making and *hearing* of motions. . ." (emphasis added). In any event, there was no abuse of discretion.

3. *The arbitrator's refusal to hear Parekh's evidence.* Parekh claims that the arbitrator's decision not to reopen the proceedings to hear Parekh's evidence was error and that the judge was therefore compelled to vacate the award.

General Laws c. 251, § 12(*a*)(4), as inserted by St. 1960, c. 374, § 1, states that a court shall vacate an arbitrator's award if the arbitrator "refused to hear evidence material to the controversy . . . ." By letter dated January 13, 1989, the arbitrator gave Parekh seven days from that date to submit to him any evidence that Parekh "may wish the arbitrator [to] consider in the matter." Parekh did not submit any evidence at all but instead responded with a question as to where the "papers" should be sent. Keeping in mind that Parekh knew at least from November 2, 1988, according to its complaint, of the arbitration proceedings, we do not, in these circumstances, find any abuse of discretion by the arbitrator in refusing to reopen the hearing. Parekh had ample opportunity, including the extension after January 13, 1989, to submit any evidence it wished to have the arbitrator consider in the matter.

4. *Partiality of the arbitrator.* The arbitrator was an attorney who was a partner in a small Boston law firm. Parekh claimed that the arbitrator knew or should have known that his law firm had represented Parekh and its president on various matters during 1986 and 1987 and the law firm had received fees from Parekh over that period of time. Parekh argues that the judge committed error when she failed to vacate the award because of the arbitrator's relationship with Parekh. The claim is without merit.

Parekh has failed to identify any circumstances likely to have impaired the arbitrator's impartiality toward Parekh. See *Bernstein* v. *Gramercy Mills, Inc.*, 16 Mass. App. Ct.

403, 412-414 (1983), and *Turner Fisheries, Inc.* v. *Seafood Wkrs. Union, I.L.A.*, 19 Mass. App. Ct. 925, 928 (1984).

*Judgment affirmed.*