SCHOOL COMMITTEE OF HANOVER *VS*. HANOVER TEACHERS
ASSOCIATION.

Suffolk. December 3, 2001. - January 31, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Arbitration,* Authority of arbitrator, Collective bargaining, School committee,
Judicial review, Arbitrable question. *School and School Committee,* Arbitra-
tion, Collective bargaining, School nurse. *Labor,* Grievance procedure,
Arbitration, Collective bargaining.

Statement of the scope of review applicable to matters submitted to arbitration.
[740]
An arbitrator's award in favor of a teachers' association, concluding that a
town's school committee violated its collective bargaining agreement with
the association by refusing to apply the agreement's terms to four school
nurses, was vacated because the arbitrator exceeded his authority in finding
the association's grievance arbitrable, where the agreement clearly and
unambiguously excluded the nurses from its coverage. [740-742]

CIVIL ACTION commenced in the Superior Court Department on
May 27, 1999.

The case was heard by *Peter M. Lauriat,* J., on a motion for
judgment on the pleadings to confirm the arbitrator's award.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Paul J. Kingston* for the plaintiff.

*Matthew D. Jones* for the defendant.

The following submitted briefs for amici curiae:

*Stephen J. Finnegan* for Massachusetts Association of School
Committees.

*Philip Collins* for Massachusetts Municipal Association &
another.

GREANEY, J. The plaintiff, the school committee of Hanover
(school committee), appeals from a decision of a Superior Court
judge allowing a motion by the defendant, the Hanover Teach-
ers Association (association), to confirm an arbitrator's award.

The arbitrator concluded that the school committee violated its collective bargaining agreement with the association by refusing to apply the agreement's terms to four school nurses. The school committee contends, on various grounds, that the judge erred in upholding the arbitrator's award. We transferred the case here on our own motion. We need not discuss all of the school committee's arguments. We conclude that the arbitrator's award should have been vacated because he exceeded his authority in finding the association's grievance arbitrable where the agreement clearly and unambiguously excludes the nurses from its coverage. Accordingly, we reverse and remand the case to the Superior Court for entry of a judgment vacating the arbitrator's award.

The background of the case is as follows. The school committee and the association are parties to a collective bargaining agreement effective July 1, 1997, through June 30, 2000 (agreement). The agreement covers the "wages, hours, standards of productivity and performance and other conditions of employment," primarily for teachers. Pursuant to the "recognition" clause of the agreement, the association is "the exclusive bargaining agent and representative of those members of the professional staff of the Hanover Public Schools including teachers and partnership teachers, comprising Unit A, so-called. Unit A includes all professional employees excluding the Superintendent, the Assistant Superintendent, members of Unit B, so-called, substitute teachers, aides, nurses and all others."

The agreement contains a clause concerning grievance procedures. The clause defines a "grievance" as "a written claim by the [school committee], [a]ssociation, or an individual involving an allegation that the contract has been violated or involving a question concerning the interpretation of the contract." In the event that the association files a grievance, and is not satisfied with the school committee's response, arbitration may be sought.

Prior to executing the agreement, the school committee recognized the association as the bargaining representative for the school nurses, but refused to include the nurses in "Unit

A."[1] The association attempted, through collective bargaining, to add the nurses to Unit A. That effort failed. Eventually, the parties submitted their dispute concerning the terms and conditions of the nurses' employment to interest arbitration,[2] and submitted the question concerning the nurses' inclusion in Unit A to the Labor Relations Commission (commission). The interest arbitration resulted in an agreement concerning the nurses' terms and conditions of employment for the period of July 1, 1995, through June 30, 1998.

The commission, on March 23, 1998, concluded that the nurses' unit should be accreted into Unit A.[3] After the commission's decision, the association asserted that the terms and conditions of the agreement applicable to Unit A members should also be applied to the nurses. Conversely, while acknowledging the nurses' membership in Unit A, the school committee maintained that the terms and conditions of the nurses' employment were subject to negotiation. Consequently, on April 28, 1998, the association filed a grievance. The school committee unsuccessfully sought to obtain an advisory opinion from the commission as to whether the terms and conditions of the agreement applied to the nurses accreted into Unit A.[4]

The association filed a demand for arbitration. The arbitrator

[1]The nurses were placed in a separate bargaining unit.

[2]"Interest" arbitration characterizes the arbitration of labor disputes that "involve the question of what shall be the basic terms and conditions of employment." F. Elkouri & E. Elkouri, How Arbitration Works 128 (5th ed. 1997). "Rights" arbitration, on the other hand, characterizes the arbitration of labor disputes that "involve the interpretation or application of laws, agreements, or customary practices." Id. The former type of arbitration looks to the acquisition of future rights, while the latter involves rights already accrued, usually under an existing collective bargaining agreement. Id., quoting Elgin, Joliet & E. Ry. v. Burley, 325 U.S. 711, 723 (1945).

[3]The commission concluded that there existed "a sufficient community of interest" between the nurses and the "teachers and non-teaching members of Unit A."

[4]The commission declined to issue an advisory opinion because it concluded that the school committee's request "does not include a dispute about the negotiability of a bargaining proposal and does not fall within [456 Code Mass. Regs. § 16.06 (1993)]." Section 16.06 provides: "Whenever a party to collective bargaining negotiations challenges the negotiability of a written proposal submitted to it by the opposing party, either party may petition the Commission for an advisory ruling to determine whether the challenged

rejecting the school committee's contrary claim concluded that the association's grievance was arbitrable. The arbitrator went on to conclude that the school committee had acted improperly "by not agreeing to make the entirety of said [a]greement applicable to the nurses," and he ordered the school committee to apply all of the terms of the agreement to the nurses "effective April 28, 1998." The arbitrator based his decision on the fact that the commission had accreted the nurses, stating, "the recognition clause in the [a]greement can no longer be read to exclude nurses. To the contrary, it must be read to include them."

The school committee, pursuant to G. L. c. 150C, §§ 8, 11, commenced an action in the Superior Court to modify or vacate the arbitrator's award maintaining, as it does here, that the award was unlawful. The association moved for a judgment on the pleadings to confirm the award. A judge in the Superior Court allowed the association's motion, confirming the award. The judge concluded that the arbitrator had acted within the scope of his authority by finding that the grievance was arbitrable. He explained: the agreement provides for arbitration "when there is an allegation that the contract has been violated or there is a question concerning the interpretation of the contract. As such, the [association's] claim that the provisions of the [a]greement should have been applied to the newly accreted nurses is an allegation of contract violation and a matter of contract interpretation. In light of the prior decision of the [commission] to include the school nurses in Unit A, the arbitrator could no longer read the [a]greement as excluding those nurses. Instead, the arbitrator properly exercised his authority and interpreted the recognition clause of the [a]greement to include nurses as members of the professional staff in Unit A."

proposal is within the scope of mandatory negotiations . . . ."

It remains open to the commission, in an appropriate proceeding, to decide whether, as a matter of State labor law, the provisions of an existing collective bargaining agreement automatically apply to employees who are newly accreted into the bargaining unit covered under the agreement. The National Labor Relations Board has concluded that the terms of an existing collective bargaining unit do not automatically apply to employees who are accreted into the bargaining unit covered by the agreement. See *Federal-Mogul Corp.*, 209 N.L.R.B. 343, 344 (1974). See also *Beverly Health & Rehabilitation Servs., Inc.*, 322 N.L.R.B. 968, 972-973 (1997); *Bay Med. Ctr., Inc.*, 239 N.L.R.B. 731, 732 (1978).

The judge also rejected the school committee's various arguments that the arbitrator's award should be vacated. The school committee appealed.

1. "A matter submitted to arbitration is subject to a very narrow scope of review." *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990). "Courts inquire into an arbitration award only to determine if the arbitrator has exceeded the scope of his authority, or decided the matter based on 'fraud, arbitrary conduct, or procedural irregularity in the hearings.' " *Id.*, quoting *Marino* v. *Tagaris*, 395 Mass. 397, 400 (1985). See G. L. c. 150C, § 11 (*a*) (3). "An arbitrator exceeds his authority by granting relief beyond the scope of the arbitration agreement . . . by awarding relief beyond that to which the parties bound themselves . . . or by awarding relief prohibited by law" (citations omitted). *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, *supra.* "Arbitration, it is clear, may not 'award relief of a nature which offends public policy or which directs or requires a result contrary to express statutory provision' . . . or otherwise transcends the limits of the contract of which the agreement to arbitrate is but a part." *Id.*, quoting *Lawrence* v. *Falzarano*, 380 Mass. 18, 28 (1980).

2. The judge erred in concluding that the arbitrator had not exceeded his authority in finding the grievance arbitrable. The association, pointing to the definition of "grievance" in the agreement, maintains that, because its grievance alleged that the school committee violated the agreement, its grievance was arbitrable. This narrow approach overlooks the fact that arbitration constitutes a matter of contract and the settled principle that an arbitrator's award must draw its essence from the contract, here, the agreement in its entirety, not just the provision defining the term "grievance." See *Local No. 1710, Int'l Ass'n of Fire Fighters* v. *Chicopee*, 430 Mass. 417, 420-421 (1999), quoting *AT&T Techs., Inc.* v. *Communications Workers*, 475 U.S. 643, 648 (1986); *School Comm. of Needham* v. *Needham Educ. Ass'n*, 398 Mass. 709, 713 (1986). The school committee's argument was not that the association's alleged grievance failed to constitute an arbitrable "grievance" so defined, but that the agreement otherwise prohibited the arbitration of the dispute because its provisions plainly excluded the

nurses from coverage. As a result, the arbitrator was required to look beyond the association's bare assertion that the school committee had violated the agreement or the association's contention that its grievance concerned the interpretation of the agreement. To permit otherwise would result in the arbitration of *any* grievance merely alleging that the terms of the agreement had been violated or that the dispute concerned the interpretation of the agreement.

The arbitrator failed to apply the unambiguous language of the agreement's recognition clause that negated his authority to inquire into or interpret further into the status of the nurses.[5] See *Georgia-Pacific Corp.* v. *Local 27, United Paperworkers Int'l Union*, 864 F.2d 940, 944 (1st Cir. 1988) ("If the language of an agreement is clear and unequivocal, an arbitrator cannot give it a meaning other than that expressed by the agreement"); *Grobet File Co. of Am.* v. *RTC Sys., Inc.*, 26 Mass. App. Ct. 132, 134-135 (1988) ("the arbitrator may not ignore the plain words of the contract"); F. Elkouri & E. Elkouri, How Arbitration Works 470 (5th ed. 1997) ("There is no need for interpretation unless the agreement is ambiguous"). The recognition clause states that "Unit A. includes all professional employees *excluding* the Superintendent, the Assistant Superintendent, members of Unit B, so-called, substitute teachers, aides, *nurses* and all others" (emphases supplied). There is nothing ambiguous in that language; it means exactly what it states, namely, that Unit A excludes the nurses and the agreement does not cover them. Because the limiting language speaks with clarity, and leaves no room for doubt as to interpretation, no presumption of arbitrability arose. See *Local No. 1710, Int'l Ass'n of Fire Fighters* v. *Chicopee, supra* at 421. The arbitrator exceeded his authority by transcending the confines of the agreement to resolve the purported issue of arbitrability. The commission's decision accreting the nurses into Unit A did not alter, and had no bearing on, the arbitrator's authority, which was at all times limited by, and derived from, the plain language of the agreement. See *Bureau of Special Investigations* v. *Coalition of*

---

[5]There is no "accretion provision" or other language in the agreement providing for the inclusion of newly accreted persons to Unit A. See *Association of Flight Attendants* v. *USAir, Inc.*, 24 F.3d 1432, 1439 (D.C. Cir. 1994).

*Pub. Safety,* 430 Mass. 601, 603 (2000) (arbitrator "limited to considering matters encompassed by the collective bargaining agreement"). See also *School Comm. of Needham* v. *Needham Educ. Ass'n, supra* at 713. To allow the arbitrator to ignore the recognition clause's unambiguous restriction would also render virtually meaningless another unambiguous provision in the agreement that states that an arbitrator "shall have no power to modify, amend, add to, subtract from, or alter this [a]greement." The aptness of the result is also supported by the consideration that the provisions of the agreement were never intended to include the nurses, and their inclusion might create the incongruous result of making wage, hours, and benefit terms meant exclusively for teachers and other Unit A employees applicable to the nurses.

3. The judgment of the Superior Court is reversed. A new judgment shall enter vacating the arbitrator's award.

*So ordered.*