BROTHERS BUILDING CO. OF NANTUCKET, INC., & another[1] *vs.*
KEITH YANKOW & another[2]; RICHARD C. BROTHERS,
third-party defendant.

No. 01-P-526.

Nantucket. October 4, 2002. - December 11, 2002.

Present: BROWN, GREENBERG, & MASON, JJ.

*Arbitration,* Confirmation of award, Authority of arbitrator. *Practice, Civil,* Counterclaim and cross-claim.

In a civil action brought by the plaintiff builder to vacate or modify the award of an arbitrator arising out of a dispute involving a contract to perform renovations on the defendants' inn, the judge erred in confirming the award, to the extent that the arbitrator exceeded his authority in finding the corporate parent of the plaintiff jointly liable with the plaintiff for damages, even though the corporate parent was not a party to the agreement and did not participate in the arbitration proceedings. [693-695]

In a civil action brought by the plaintiff builder to vacate or modify the award of an arbitrator arising out of a dispute involving a contract to perform renovations on the defendants' inn, the judge properly dismissed the defendants' counterclaims against the plaintiff and their third-party complaint, where, although the plaintiff's assertion of a particular defense against the counterclaims at the arbitration hearing or in the subsequent action to set aside or modify the award may have been hypertechnical, the mere assertion of such a defense did not constitute a violation of G. L. c. 93A or a breach of the duty of good faith and fair dealing, in that the motion to vacate or modify the award was not frivolous. [695-697]

CIVIL ACTION commenced in the Superior Court Department on April 29, 1998.

The case was heard by *Vieri Volterra,* J., and counterclaims and a third-party complaint were heard by *Robert Malcolm Graham,* J.

*James T. Ranney* for Keith Yankow & another.

*Michael G. West* for Brothers Building Co. of Nantucket, Inc., & others.

---

[1]Brothers Building Co., Inc.

[2]Robin Yankow.

MASON, J. The plaintiffs, Brothers Building Co. of Nantucket, Inc. (Brothers Nantucket), and Brothers Building Co., Inc. (Brothers Vermont), brought this action pursuant to G. L. c. 251, §§ 12 and 13, to vacate or modify an arbitration award. The award found the plaintiffs jointly liable to the defendants, Keith and Robin Yankow, for damages in the amount of $49,900 that the Yankows had suffered as a result of the plaintiffs' failure to perform certain renovation work in accordance with an agreement between Brothers Nantucket and the Yankows. A Superior Court judge (motion judge) denied the plaintiffs' motion to vacate or modify the award and allowed a motion by the Yankows to confirm the award. Following a subsequent bench trial, a different Superior Court judge (trial judge) dismissed various counterclaims and a third-party complaint that the Yankows had brought.

On appeal, the plaintiffs claim that the motion judge erred in confirming the arbitrator's award because, among other things, it imposed liability on Brothers Vermont even though it was not a party to the agreement. The Yankows also appeal, claiming that the trial judge erred in dismissing their counterclaims and third-party complaint.

We conclude that the arbitrator was without authority to impose liability on the nonparty, Brothers Vermont. We therefore vacate the judgment confirming the award and direct that a new judgment shall be entered confirming the award only to the extent that it imposes liability on Brothers Nantucket. We affirm the judgment dismissing the Yankows' counterclaims and third-party complaint.

*Background.* We summarize the facts as found by the motion judge and by the trial judge, supplemented by uncontroverted testimony and other materials in the record.

The Yankows own and operate an inn known as the Cobblestone Inn in Nantucket, where they also reside. On January 7, 1997, the Yankows entered into a standard form agreement (agreement)[3] with Brothers Nantucket for the performance of certain renovations to the inn. The agreement listed Brothers

[3]Specifically, the agreement is a "Standard Form of Agreement Between Owner and Contractor" of the American Institute of Architects (AIA), AIA document A111 (1987 ed.)

Nantucket as the contractor and was signed by David Brookes on behalf of Brothers Nantucket. Section 4.5.1 of the general conditions to the agreement provided that any "controversy or [c]laim arising out of or related to the [agreement], or the breach thereof" would be submitted to binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (AAA).

At the time the parties entered into the agreement, Brothers Nantucket was a Massachusetts corporation having its usual place of business in Nantucket. Brothers Vermont was a Vermont Corporation with its usual place of business in Waitsfield, Vermont. Brothers Vermont had formed Brothers Nantucket in August, 1996, in order to compete for local Nantucket building contracts and to employ local Nantucket workers. Richard C. Brothers was president of both Brothers Nantucket and Brothers Vermont.

A dispute arose with respect to the work performed at the inn and payment for that work. Accordingly, on November 12, 1997, Brothers Nantucket filed a demand for arbitration with the AAA, claiming unpaid bills in the amount of $78,414. On December 12, 1997, the Yankows filed an answer and counterclaim for $49,900 which denied that the Yankows owed Brothers Nantucket any money and further stated that:

> "Respondent in counterclaim (Brothers Building Co.) substantially breached the contract in many ways, including but not limited to failing to comply with many of its terms and failing to deliver substantial completion in a timely fashion. Respondent in counterclaim also committed many acts that constitute unfair or deceptive acts or practices within the purview of [G. L. c.] 93A."

On December 15, 1997, counsel for Brothers Nantucket sent a reply to the AAA, denying that it was liable on the counterclaim. In an accompanying cover letter, counsel also asserted that the counterclaim had been directed not against Brothers Nantucket, the claimant in the action, but rather against Brothers Vermont, an entity that was not a party to the proceeding and, hence, should be dismissed. More specifically, counsel stated:

"It appears that Respondent's Counterclaim is directed against only Brothers Building Co., Inc., an entity not a party to this proceeding. As Brothers Building Co., Inc., of Waitsfield, Vermont has not filed a claim against Respondents, no 'counterclaim' can be filed against it. If I am incorrect, please notify me immediately."

The AAA did not respond to this letter, but did schedule the matter for hearing. At the hearing, counsel for Brothers Nantucket, consistent with his prior letter, made a motion to dismiss the counterclaim on the ground that it had been asserted only against Brothers Vermont. The arbitrator did not allow this motion but proceeded to hold four days of hearings with respect to the claim and counterclaim. He also conducted a site inspection. Thereafter, on April 8, 1998, the arbitrator issued an award finding that Brothers Nantucket was not entitled to recover anything on its claim against the Yankows and, further, that both Brothers Nantucket and Brothers Vermont were liable to the Yankows on their counterclaim for failure to perform or complete work in accordance with the agreement. More specifically, the arbitrator found:

"Testimony given by [Brothers Building Co. of Nantucket, Inc.,] and by Brothers Building Co. of Waitsfield, Vermont, Inc., indicate both companies were responsible for supervision of the project, supplying the labor force, office duties, and sharing of profits. Therefore, I find that Brothers Building Co. of Nantucket, Inc.[,] and Brothers Building Co. of Waitsfield, Vermont, Inc.[,] are jointly liable for claims made by the Respondent."

The arbitrator awarded the Yankows $12,000 for "Costs due to late completion," $15,000 for "Cost[s] to complete [the project]," and $22,900 for "Repairs due to substandard work including code violation." The arbitrator made no mention of the G. L. c. 93A claim and stated that: "This award is in full settlement of all claims and/or counterclaims submitted to this arbitration."

After this award was made, the plaintiffs commenced the instant lawsuit pursuant to G. L. c. 251, §§ 12 and 13, to vacate or modify the award on the grounds that the arbitrator had

exceeded his authority in imposing liability on Brothers Vermont and also in including in his award an amount for purported code violations. The Yankows filed an answer and counterclaims as well as a third-party complaint against Richard C. Brothers (Brothers). The Yankows alleged in their counterclaims and third-party complaint that the plaintiffs had breached their duty of good faith and fair dealing and had also violated G. L. c. 93A in asserting a "separate corporate identity" defense in the arbitration proceeding and in subsequently commencing the instant proceeding to vacate or modify the arbitration award; further, the Yankows alleged that Brothers was personally liable for these actions. After the plaintiffs had filed a motion to vacate or modify the award and the Yankows had filed a cross motion to confirm the award, a Superior Court judge caused a judgment to enter on June 1, 1999, confirming the award in its entirety. In an accompanying memorandum, the judge explained that "[i]t was open to the arbitrator to cast liability on both corporations jointly and severally," and that "I find no miscalculation of the damages." The judge further ruled that the Yankows' counterclaims and third-party complaint should be bifurcated and tried separately.

A trial on the counterclaims and third-party complaint was held before a different Superior Court judge on September 29, 2000.[4] Following this trial, the judge entered an order directing that judgment should enter dismissing the Yankows' counterclaims and third-party complaint. In accompanying findings of fact and rulings of law, the judge ruled that, in entering into the contract with Brothers Nantucket, the Yankows were acting as business persons, rather than as individual consumers, and, hence, they could not assert a claim under G. L. c. 93A, § 9. The judge further ruled that, to the extent the Yankows were asserting a claim under G. L. c. 93A, § 11, they had failed to show that the plaintiffs or Brothers had engaged in any "oppressive or vexatious misuse of legal process" that could possibly constitute a violation of that section. The judge also ruled

---

[4]Prior to this trial, a different Superior Court judge allowed a motion by the Yankows for summary judgment on their counterclaims and third-party complaint, but after this judge had retired, another Superior Court judge vacated the judge's order and again directed that a trial should be held in the matter.

that the plaintiffs by their conduct had not committed a breach of any duty of good faith or fair dealing.

1. *Confirmation of award.* The plaintiffs claim that the arbitrator's award should not have been confirmed because the arbitrator exceeded his authority in finding Brothers Vermont jointly liable for the Yankows' damages even though Brothers Vermont was not a party to the agreement and did not participate in the arbitration proceedings. We agree. It is well settled that "[a]rbitration is a remedy created by statute which limits its availability to the parties to an arbitration agreement." *Rae F. Gill, P.C.* v. *DiGiovanni*, 34 Mass. App. Ct. 498, 503 (1993). Here, Brothers Vermont was not a party to the arbitration agreement.[5] The arbitrator, therefore, had no power to find it liable under the agreement. See *Computer Corp. of America* v. *Zarecor*, 16 Mass. App. Ct. 456, 459-460 (1983) (arbitration may proceed only as to those parties who agree to arbitrate).

The arbitrator nevertheless appeared to rely on a form of "alter ego" or "disregard of corporate identity" theory in holding Brothers Vermont liable in this case. See *My Bread Baking Co.* v. *Cumberland Farms, Inc.*, 353 Mass. 614, 619 (1968); *Lee* v. *International Data Group*, 55 Mass. App. Ct. 110, 117 n.7 (2002). Thus, the arbitrator found, not that Brothers Vermont was a party to the agreement, formal or otherwise, but rather that Brothers Vermont was responsible with Brothers Nantucket for "supervision of the project, supplying the labor force, [and performing] office duties," and also for "sharing of profits." There was nothing in the agreement, however, that permitted the arbitrator to reach any such result. To the contrary, the

---

[5]We recognize that next to the printed word "contractor" on the signature page of the agreement were written the words, "Brothers Building Co., Inc.," which was the corporate name for Brothers Vermont, rather than Brothers Nantucket. David Brookes, who signed the agreement on behalf of Brothers Nantucket, testified at the trial of this matter, however, that Keith Yankow, rather than Brookes himself, had written these words on the signature page and may have done so after Brookes had signed the agreement. Apparently crediting this testimony, the judge specifically found that Brookes had executed the agreement "on behalf of Brothers Nantucket," which was named as the contractor in the agreement, rather than on behalf of Brothers Vermont. The Yankows have made no claim on appeal that this finding was "clearly erroneous" within the meaning of Mass.R.Civ.P. 52(a), as amended, 423 Mass. 1402 (1996).

agreement provided that the "contractor" was entering into the agreement. It did not provide that the contractor plus all other entities that were somehow related to the contractor were entering into the agreement.[6]

Nor does it appear in the record that Brothers Vermont otherwise agreed to submit any issue to the arbitrator to decide. While the arbitrator referred in his award to "[t]estimony given by [Brothers Building Co. of Nantucket, Inc.,] and by Brothers Building Co. of Waitsfield, Vermont, Inc.," it appears that the arbitrator was simply attributing testimony presented by Brothers Nantucket to Brothers Vermont. Nothing in the record suggests that Brothers Vermont separately appeared and participated in the arbitration proceeding.

We therefore conclude that the arbitrator exceeded his authority to the extent that he imposed liability on Brothers Vermont. This determination does not, however, preclude the Yankows from pursuing a remedy against Brothers Vermont on the basis that Brothers Vermont is truly an alter ego of Brothers Nantucket. The Yankows can bring a proceeding against Brothers Vermont to enforce the award they have obtained and attempt, in that enforcement proceeding, to prove that Brothers Vermont is actually an alter ego of Brothers Nantucket.[7] See G. L. c. 251, § 14 (arbitration award, if confirmed, may be enforced as any other judgment); *Heacock* v. *Heacock*, 402 Mass. 21, 23 n.2 (1988), *S.C.*, 30 Mass. App. Ct. 304 (1991) (valid final judgment is conclusive on parties and "their privies"). All we hold is that the arbitrator had no authority to reach such a result on his own in this case, where Brothers

---

[6]Section 13.2.1 of the general conditions of the agreement provided that "[t]he Owner and Contractor respectively bind themselves, their partners, successors, assigns and legal representatives to the other party hereto and to partners, successors, assigns and legal representatives of such other party in respect to covenants, agreements and obligations contained in the Contract Documents." The Yankows have not claimed, however, that the arbitrator could properly rely on this section in holding Brothers Vermont liable under the agreement, and nothing in the record suggests that Brothers Vermont was in fact a partner, successor, assign or legal representative of Brothers Nantucket. Rather, the most the record suggests is that Brothers Vermont was the corporate parent of Brothers Nantucket.

[7]The instances in which courts disregard separate corporate entities are rare. See *Evans* v. *Multicon Constr. Corp.*, 30 Mass. App. Ct. 728, 732-733 (1991).

Vermont was not a party to the agreement and did not otherwise agree to have its alleged alter ego status determined by the arbitrator. See *School Comm. of Hanover* v. *Hanover Teachers Assn.*, 435 Mass. 736, 740 (2002) (arbitrator's award must draw its essence only from contract at issue); *Parekh Constr., Inc.* v. *Pitt Constr. Corp.*, 31 Mass. App. Ct. 354, 359 n.8 (1991) ("Whether the parties have agreed to arbitrate is a matter to be decided finally by the court and not by the arbitrator"). See also *Orion Shipping & Trading Co.* v. *Eastern States Petroleum Corp.*, 312 F.2d 299, 300-301 (2d Cir. 1963) (arbitrator exceeded his authority in relying on alter ego theory to impose liability under agreement on an entity that was not a party to the agreement).

The plaintiffs additionally claim that the arbitrator exceeded his authority in including in the damages he awarded an amount for "[r]epairs due to substandard work including code violations," even though he had prevented the Yankows from offering certain expert testimony with respect to the code violations they were alleging. The plaintiffs claim that, by excluding the Yankows' evidence, the arbitrator induced Brothers Nantucket to believe that there was no issue in the case with respect to code violations and, hence, not to offer any contrary evidence. These contentions are "completely without any factual foundation in the record." *Bay State York Co.* v. *Canter Constr. Co.*, 5 Mass. App. Ct. 192, 195 (1977). We therefore reject these contentions as a proper basis for concluding that the arbitrator somehow exceeded his authority in determining the amount of his award. See *Farm Constr. Serv., Inc.* v. *Robinson*, 21 Mass. App. Ct. 955, 956 (1986).

2. *Dismissal of counterclaims and third-party complaint.* The Yankows claim that the trial judge erred in dismissing their counterclaims against the plaintiffs and also their third-party complaint against Brothers, because they introduced overwhelming evidence that Brothers Vermont was involved in the renovation project from the beginning; hence, the Yankows claim, there was no basis for the plaintiffs and Brothers to assert a "separate corporate identity" defense for the first time at the arbitration hearing, and then to commence litigation to vacate

the arbitration award.[8] The Yankows further claim that the judge erred in dismissing their counterclaims and third-party complaint because they introduced evidence that neither of the plaintiffs was a licensed home improvement contractor during the renovation activities, as required by G. L. c. 142A.

We tend to agree that it was hypertechnical for Brothers Nantucket to assert at the arbitration hearing that the Yankows' counterclaim against it (as distinct from Brothers Vermont) should be dismissed because the counterclaim named Brothers Vermont as the "Respondent in counterclaim," rather than Brothers Nantucket. It is well settled that substantive rights should not be determined by such matters of form. See, e.g., *Pizer* v. *Hunt*, 250 Mass. 498, 504 (1925) ("A party to an action has no vested right to have a case decided and determined upon a form of procedure which may have been inadvisedly or mistakenly chosen").

Nevertheless, the mere assertion of such a defense at an arbitration hearing or in a subsequent action to set aside or modify an arbitration award is not grist for a claim of violation of G. L. c. 93A or breach of the duty of good faith and fair dealing, even assuming that some litigation tactics might properly give rise to such claims, a question the Supreme Judicial Court has not yet decided. See *Schubach* v. *Household Fin. Corp.*, 375 Mass. 133, 135 n.3 (1978) (declining to decide whether finance company's alleged policy of instituting litigation in venues inconvenient to debtors so as to precipitate defaults might constitute violation of G. L. c. 93A). We note that the rules of civil procedure already provide a specific sanction for instances where an attorney has filed a pleading on

---

[8]The Yankows additionally complain that the judge erred in allowing a pretrial motion in limine to exclude all evidence of alleged unfair conduct occurring during the construction process prior to the arbitration hearing. The Yankows, however, have failed to demonstrate that they suffered any prejudice as a result of the judge's allowance of that motion. See G. L. c. 231, § 119. More specifically, the Yankows have failed to demonstrate that they were thereby improperly prevented from presenting any evidence which could possibly have strengthened their claim that the plaintiffs breached their duty of good faith and fair dealing, or violated G. L. c. 93A, merely by asserting the separate corporate identity defense at the arbitration hearing and by subsequently commencing the instant action to set aside or modify the arbitrator's award.

behalf of a party without a belief that there is "a good ground to support [the pleading]." Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974).

We further note that the trial judge in this case expressly found that "there is no evidence that Brothers Nantucket, Brothers Vermont, or Richard C. Brothers have withheld payment intentionally, nor have they disregarded any contractual arrangements with the Yankows." The Yankows have made no showing that this finding was clearly erroneous or that they were precluded from submitting any evidence that could have led to a different finding. Indeed, for the reasons we have stated, the plaintiffs' motion to vacate or modify the arbitration award was not frivolous; we have concluded that one of the grounds on which it was based was meritorious. Hence, the mere bringing of the motion did not warrant a finding of bad faith or violation of G. L. c. 93A. Compare *Commercial Union Ins. Co.* v. *Seven Provinces Ins. Co.*, 217 F.3d 33, 40-44 (1st Cir. 2000). Nor have the Yankows made any sufficient showing that they were entitled to prevail on their counterclaims and third-party complaint merely because neither of the plaintiffs was registered as a home improvement contractor. Indeed, it does not appear from the record that the Yankows included any such claim in their counterclaims or third-party complaint, or that they made any such argument to the trial court. They are therefore precluded from pursuing the claim here. See *Cottam* v. *CVS Pharmacy*, 436 Mass. 316, 320 (2002) ("Having failed to raise these [claims] below, CVS cannot assert them now").

We therefore conclude that the trial judge properly dismissed the Yankows' counterclaims and third-party complaint. See *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 675-678 (1983); *Gulezian* v. *Lincoln Ins. Co.*, 399 Mass. 606, 613 (1987).

*Conclusion.* The judgment confirming the arbitration award is vacated, and a new judgment shall enter confirming the award only to the extent that it imposes liability on Brothers Building Co. of Nantucket, Inc. The judgment dismissing the Yankows' counterclaims and third-party complaint is affirmed.

*So ordered.*