NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-235

FALLON COMMUNITY HEALTH PLAN, INC. & others[1]

vs.

KENNETH NOISETTE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs (Fallon) filed an application in the Superior Court seeking to vacate a purported arbitration award of $2 million dollars in favor of the defendant, Kenneth Noisette. Following a hearing, a judge found that the parties lacked any arbitration agreement and vacated the award. We affirm.

The undisputed facts show that Fallon was not a party to an arbitration agreement with Noisette. Fallon employed Noisette and required him to obtain a COVID-19 vaccine. Noisette sent correspondence to Fallon indicating that he would obtain the vaccine under certain enumerated conditions, and he also included within that correspondence a purported arbitration

---

[1] Fallon Health & Life Assurance Company, Inc., Richard P. Burke, and Jill Lebow.

provision.  Fallon never accepted the conditions, never agreed to arbitration, explicitly rejected arbitration, and ultimately discharged Noisette.  Noisette then brought a claim to the Sitcomm Arbitration Association, which awarded him $2 million. Fallon did not participate in the arbitration proceedings, and Noisette did not seek a court order to compel arbitration.  See G. L. c. 251, § 2 (a).  These facts show that there was no arbitration agreement.  The absence of such an agreement provides a basis to vacate the arbitration award.  G. L. c. 251, § 12 (a) (5).  Therefore, upon de novo review, we affirm the judgment vacating the arbitration award.  See Pittsfield v. Local 477 Int'l Bhd. of Police Officers, 480 Mass. 634, 637 (2018).

"Arbitration is a remedy created by a statute which limits its availability to the parties to an arbitration agreement." Rae F. Gill, P.C. v. DiGiovanni, 34 Mass. App. Ct. 498, 503 (1993).  Where, as here, the parties never agreed to arbitration, the arbitrator had "no power" to impose liability on Fallon.  Brothers Bldg. Co. of Nantucket v. Yankow, 56 Mass. App. Ct. 688, 693 (2002).  See Computer Corp. of Am. v. Zarecor, 16 Mass. App. Ct. 456, 459 (1983) (requirement for arbitration "confined to those who have agreed to it in advance").  Put succinctly, Fallon was entitled to an order vacating the

2

arbitrator's award because "there was no arbitration agreement."
G. L. c. 251, § 12 (a) (5).

We reject Noisette's contention that Massachusetts courts lacked subject matter jurisdiction to vacate the award. "The arbitration of commercial disputes is governed by the provisions of G. L. c. 251, §§ 1-19." Karbowski v. Bradgate Assocs., Inc., 25 Mass. App. Ct. 526, 528 (1988). Under chapter 251, Massachusetts courts have jurisdiction pursuant to § 16, and § 17 "specifically refers to the Superior Court as the forum" for an application to vacate an arbitration award. Id.

We also reject Noisette's contention that vacating the award interferes with his "rights" under the Federal Arbitration Act, and we reject his argument that "only the arbitrator can decide on the contract and make the decision on whether it is a valid contract or not." Although arbitration agreements regarding activities involving interstate commerce are governed by Federal law, 9 U.S.C. §§ 2-16, and State law, G. L. c. 251, §§ 1-19, courts "should apply ordinary state-law principles that govern the formation of contracts" when deciding whether the parties agreed to arbitration. Kauders v. Uber Techs., Inc., 486 Mass. 557, 571 (2021), quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Even assuming this case also implicated Federal law, we must apply state-law contract principles in deciding whether the parties entered into

an agreement to arbitrate.  See Kauders, 486 Mass. at 571.
Under Massachusetts law, "[c]ontract formation requires a
bargain in which there is a manifestation of mutual assent to
the exchange." I & R Mechanical, Inc. v. Hazelton Mfg. Co., 62
Mass. App. Ct. 452, 454-455 (2004).  The parties did not have an
arbitration agreement because they did not manifest a mutual
assent as required by State contract law.  In the circumstances
presented here, the reviewing court, not the arbitrator, has the
obligation to apply contract principles under Massachusetts law,
and in doing so does not interfere with any potential rights
conferred on Noisette by Federal law.

The record also does not support Noisette's contention that
Fallon failed to file its application to vacate in a timely
manner.  Assuming, without deciding, that the limitations period
in G. L. c. 251, § 12, applies in a case where there is no
arbitration agreement, that section does not become operative
until the arbitrator "deliver[s] a copy of the award to each
party personally or by registered mail."  G. L. c. 251, § 8.
There is no indication in the record that the arbitrator
provided the requisite notice that would trigger the limitations
period.  Also, there is no dispute that Fallon filed its
application within thirty days of receiving email notice from a
collection attorney.  Therefore, we are satisfied that Fallon
acted with due dispatch.  See G. L. c. 251, § 12 (b)

4

(application to vacate shall be made "within thirty days after delivery of a copy of the award to the applicant").

Finally, Noisette invokes various legal terms and phrases including due process, duty of care, in rem jurisdiction, in personam jurisdiction, diversity of citizenship, venue, original jurisdiction, fiduciary duty, and deliberate default. Such bare references do not constitute appellate argument and provide "an insufficient basis for this court reasonably to consider" a claim for relief. Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Order vacating arbitration award affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[2]),

Joseph F. Stanton

Clerk

Entered: October 13, 2023.

---

[2] The panelists are listed in order of seniority.

5